## Harris vs. Wilson.

THIS was an action of assumpsit, tried at the Washington circuit in June, 1827, before the Hon. REUBEN H. WAL-WORTH, then one of the circuit judges.

The plaintiff declared on a joint and several promissory note, made by the defendant and one Eben W. Judd, for the sum of $1000, dated the 1st May, 1824, payable 18 months after date, and acknowledging that the note was given for borrowed money. The declaration also contained the common counts. The defendant pleaded non-assumpsit; and a special plea, that, at the date of the note, and before and after, the plaintiff, the defendant and Judd were partners in a marble manufactory at Middlebury, in Vermont, and that the money for which the note was given, was advanced by the plaintiff for the joint benefit of the concern; that on the 1st July, 1826, for the purpose of dissolving the partnership, and settling the concerns of the same, and for the purpose of having a final settlement between the defendant and the plaintiff and Judd, or either of them, the parties submitted themselves to the award of two arbitrators, elected by the plaintiff and Judd on the one part, and the defendant on the other, to determine as well of and concerning the premises in the declaration specified, as of and concerning all other matters and things then depending, unsettled between the plaintiff and Judd, or either of them, and the defendant; that the arbitrators awarded, that the partnership between the parties should be closed in the following manner: Judd and Harris should retain and have all the property of the firm in Middlebury, and pay all debts due from, and receive all debts due to the firm at Middlebury, and pay to the defendant $150, in marble; that the defendant should retain and have all the company property in the Auburn concern, and pay all debts against, and receive all debts due to the concern, contracted at Auburn, and should retain all his furniture, except a Canada stove set in the house then occupied by Harris; of which

In a submission by three partners to arbitrators, to settle the terms of the dissolution of the partnership, a note given by two of the partners to the third during the partnership, was *held* not to be included in the submission, there being no proof that it was given for a partnership transaction, and it not having been presented or passed upon by the arbitrators. Where there is no evidence from which the presumption of payment of a note can legitimately be drawn, the question ought not to be submitted to a jury. The omission to present the note in this case, at the time of the arbitration, and the other circumstances disclosed at the trial would not warrant the inference of payment.

award the plaintiff had notice. Replication *precludi non*, because the money specified in the note was not advanced for the joint benefit of the partnership ; and because the subject matter of this suit was not submitted to arbitrators, nor did the arbitrators award concerning the same.

On the trial, the note was produced and proved. It was then shewn, on the part of the defendant, that Eben W. Judd, one of the makers of the note, was the owner of the principal part of the stock of an incorporated manufacturing company at Middlebury ; that, for five years previous to 1821, the defendant had been in partnership with him ; and that, in 1821, the plaintiff (the son-in-law of Judd) became a partner. A written agreement, bearing date the 1st May, 1824, signed by Judd and the parties to this suit, was produced, from which it appeared that the partners had agreed to establish a branch of their marble manufactory at Auburn, to send on a freight of marble of the value of $1500, and that the defendant should take charge of the same ; and that the business at Middlebury should be carried on by the plaintiff and Judd for the joint concern. The defendant proceeded to Auburn, and remained there until the summer of 1826, when he returned to Middlebury, and desired a settlement with the plaintiff and Judd. The parties had frequent conversations as to the manner in which they should settle, and permit the defendant to withdraw from the concern, and finally submitted the matter to arbitration. The parties, in the first place, undertook to exhibit accounts of their transactions in relation to the marble business, extending back beyond the time when the plaintiff came into the concern, and were exhibited without reference to the separate rights of the plaintiff and Judd ; but finding the accounts had been so irregularly kept, that they could not determine upon the rights of the parties upon such evidence, the arbitrators, from their knowledge of the concerns of the parties, made an award of the purport set forth in the plea, which was produced on the trial, and with which the parties expressed their satisfaction. During the arbitration, a number of debts were mentioned as contracted at Middlebury by the defendant, and the arbitrators decided which of them were private debts, and which were

contracted for the benefit of the partnership. No mention was made of the note declared on. Previous to the arbitration, the arbitrators had understood from the plaintiff, that he was considerably in advance for the concern, and had money in it which he would be glad to get out of it. The parties had a large property at Middlebury.

The defendant's counsel insisted that the award was a bar to the plaintiff's right of recovery on the note. The judge decided, that in the absence of all proof as to what the note was given for, the award was not broad enough to cover it ; but that the defendant's counsel might go to the jury upon the question of a presumption of payment previous to the award, under the circumstances of the case ; and the judge charged the jury, that the plaintiff was entitled to recover the amount of the note and interest, unless the jury were satisfied from the testimony, that the note had been paid or satisfied by some arrangement between the parties ; that the jury had the right to take into consideration the facts which took place at the arbitration, and the object of the arrangement in determining whether, at that time, the note in question was considered by the parties a valid and subsisting demand, nothing being said about it, although the parties were then about dissolving a partnership in which they had been engaged, and the plaintiff and Judd, one of the makers of the note, contemplated to continue in business together ; that they must decide from the evidence, and from the best light on the subject which they had been able to obtain. The jury found for the defendant. A motion was now made to set aside the verdict.

*C. L. Allen*, for plaintiff.

*J. Porter*, for defendant.

*By the Court*, SUTHERLAND, J. The defendant failed in maintaining the issue, that the note on which the suit was brought, was given for a partnership transaction between Judd, Harris and Wilson, and that it was embraced in the submission of the partnership concerns to arbitrators, and disposed of by their award. There is no evidence as to the

consideration for which the note was given ; and if it was not given for a debt growing out of the partnership of these individuals, it was not embraced in the submission. The testimony of the arbitrators shows conclusively that it was not in fact presented to, or passed on by them. The judge, therefore, was correct in deciding that the action was not barred, by that award.

But I think he erred in submitting it to the jury, to determine upon the evidence before them, whether the note had not been paid or satisfied, by some arrangement between the parties previous to the arbitration. There was no evidence from which any such conclusion could legitimately be drawn. The parties had put themselves upon an entirely different issue. The defendant did not pretend that the note had been paid or satisfied in any other manner, than by the general settlement of the partnership concerns by the arbitrators. He did not attempt to prove any fact or circumstance from which such payment could be inferred ; and none such exist in the case, except that no mention was made of the note, nor any allusion to it at the time of the submission to, or hearing before the arbitrators. But if the note was not a partnership concern, it had no connection with the matters submitted, and no reason for mentioning it existed. Further evidence as to the consideration of this note must be in the power of the parties. At all events, upon this case there is no evidence of it ever having been paid or discharged.

New trial granted ; costs to abide the event.