ALBANY,

Wardell
v.
Hughes.

---

WARDELL and others *vs.* HUGHES and MOORE.

A new trial will be granted for the mis-direction of the judge, altho' the evidence may have warranted the verdict found where the chances are equal that the verdict resulted from the mis-direction. The drawers of a note cannot object that it was negotiated contrary to its terms, where they themselves put it into circulation.

THIS was an action on a promissory note in these words : "Three months after date, for value received, we promise to pay to the order of Gilbert Howell and David Morris one hundred and fifty dollars, payable and *negotiable* at the Bank of Ontario in Canandaigua. Sept. 30, 1826." (Signed) 'Harry Moore & Co., Wm. Hughes,' and 'endorsed by the payees. The action was brought by the plaintiffs as *endorsees* against the *makers*.

The note was made and endorsed for the purpose of *renewing* a note at the Ontario Bank, which was about falling due, made by Hughes and Moore, and endorsed by Howell and Morris, for the accommodation of the drawers. Instead of so using it, Hughes passed it to the plaintiffs in New-York, by whom it was received as collateral security for the payment of a note they held against him, bearing date in September, 1826. The drawers had been in partnership, which, however, had been dissolved previous to September, 1826 ; but at the dissolution they were indebted to the plaintiffs. Evidence was given both as to the *assent* and *dissent* of Moore to the use which had been made of the note, but it was not very explicit. The judge charged the jury that by the terms of the note its negotiability was restricted to the place where it was made payable ; and he further instructed them that if they should be of opinion that the note was applied by Hughes to the payment of an *individual* debt, without the assent of Moore, the plaintiffs were not entitled to re-

cover. The jury found for the defendants. A motion was now made to set aside the verdict.

*Greene C. Bronson*, (attorney general,) for the plaintiffs. The negotiability of the note was not restricted by its terms. The words *payable and negotiable at* &c. were senseless, and did not render it necessary for the plaintiffs to aver or prove a demand of payment at the place. (17 Johns. R. 248.) To destroy the negotiable quality of a promissory note, there must be express negative words. (Chitty on Bills, 137, 8.) The misapplication of a note cannot be alleged against *bona fide* holders without notice. (10 Johns. R. 198. 15 id. 270. 17 id. 176. 4 Cowen, 573.) The verdict was against evidence.

*C. P. Kirkland*, for defendants. The case of *Woodhull* v. *Holmes*, (10 Johns. R. 221,) establishes this defence. The note on its face bore evidence that it was given for a specific purpose. Besides, it was not negotiated, but barely deposited as collateral security. On the whole case the verdict was right, and ought not to be disturbed.

*By the Court*, MARCY, J. Admitting the application of the note by Hughes to have been *assented* to by Moore, it cannot be objected, by the *drawers* of the note, that it was negotiated contrary to its terms, and the object and intent with which it was made. When the *endorsers* are called upon, they may avail themselves of the defence, if it exists, that the note was made in renewal of a former note on which they were endorsers, and that the holders had actual or constructive notice of the fact.

The evidence as to the assent of Moore was submitted to the jury, and they were correctly instructed that if the note was applied by Hughes to his *individual* debt, without the assent of Moore, the plaintiffs were not entitled to recover. (16 Johns. R. 38. 19 id. 158. *Williams* v. *Walbridge*, ante, p. 415.) But I think the judge erred in telling the jury that by the terms of the note its negotiability was restricted to the place where it was made payable. The jury found a verdict for the defendants, whether on the ground that the note had

been negotiated at a place different from that contained in the body of the note, or on the ground that it had been passed by Hughes for his individual debt, and that the assent of Moore had not been shewn, it is impossible for us to determine. If the verdict was found on the first ground, it ought to be set aside for the mis-direction of the judge; if on the latter, the evidence being of such a character that it might be regarded as insufficient to shew the assent of Moore, it should not be disturbed. Inasmuch, therefore, as the verdict may have resulted from the error of the judge, and I think there is an even chance that it did, a new trial ought to be granted.

New trial granted.