## FIDLER vs. COOPER.

A submission by two parties on one side, and one on the other, includes not only the joint demands of the two, but their individual demands against the opposite party, and if an award be made in pursuance of it, such award may be pleaded in bar to an action by one of the joint obligors against the other party.

An award in pursuance of a submission is conclusive as to all matters to which the submission extends, whether any particular included in the submission was or was not laid before the arbitrators.

A replication to a plea of submission and award, that the causes of action set forth in the declaration were not intended to be submitted, is bad; so a replication presenting a question of law is bad.

Where a party desires to raise a question upon the legal effect of a submission or award, he must set forth the instrument and demur.

Where judgment is given against the plaintiff on demurrer after verdict in his favor, leave to amend will be given on his relinquishing the verdict and paying all costs subsequent to the joining of the issue; but where the judgment is against the defendant on demurrer, after verdict for the plaintiff, leave to amend is not granted.

ARBITRATION and award. The plaintiff declared in assumpsit on the money counts. The defendant pleaded the general issue and a special plea, that after making the promises, &c., and before the exhibition of the plaintiff's bill, to wit, on, &c. at, &c., the plaintiff and one G. H. Ryckman, and the defendant submitted themselves by mutual bonds of submission, and engaged to abide the award of A. S., T. V. V. and I. W., or any two of them, arbitrators mutually named, elected and chosen by the said plaintiff and Ryckman, and by him the said defendant, to arbitrate, award, order, adjudge and determine of and concerning all and all manner of action and actions, cause and causes of action,

NEW-YORK, and demands whatsoever depending, &c. *by or between* the
May, 1838. *said parties,* so as, &c. ; that the arbitrators made an award

Fidler    directing the parties respectively to execute each to the
v.       other *releases* of all accounts, debts, dues and demands
Cooper.  up to a certain day, excepting such demands as should
thereafter accrue under and by virtue of certain leases and
agreements which the plaintiff and Ryckman claimed to
hold as assignees of certain persons, concluding with a veri-
fication. The plaintiff *replied,* craving oyer of the bond of
submission specified in the plea, and set forth the same ; it
was a bond whereby the plaintiff and Ryckman bound
themselves to the defendant in the penalty of $5000, con-
ditioned to abide the award of the arbitrators named in the
plea, " indifferently named, elected and chosen *as well by,*
*and on the part* and behalf of the said Lancelot Fidler and
Gerrit W. Ryckman, *as of the said* John T. Cooper, to arbi-
trate, award, &c. (as in the plea.) The plaintiff also en-
rolled the bond executed *by* the defendant to the plaintiff
and Ryckman, which was similar to that executed *to* the
defendant, and then alleged that the several sums of money,
and the several promises in the declaration mentioned *were*
*not submitted to the arbitrators by the writing obligatory*
mentioned in the plea, nor *were they intended* to be, nor did
the arbitrators *award upon them,* nor *did they award that*
*the plaintiff* should execute to the defendant a release of all
accounts, &c. *between the plaintiff and the defendant* up to
a certain day, excepting the demands mentioned in the plea,
nor *any release whereby the causes of action mentioned in*
*the declaration* should be released, &c. *in modo et forma,*
*&c.* concluding to the country. To this replication, the
defendant demurred, assigning as special causes of demurrer,
that it attempts to put in issue the fact that the demands
claimed in this suit *were not submitted,* that they were *not*
*intended to be submitted,* that the arbitrators did not award
*upon such demands,* and that they did not award that the
*plaintiff* should execute a release to the defendant, and that
the replication concludes to the country.

*S. Stevens,* for the defendant.

*S. Cheever,* for the plaintiff.

*By the Court,* BRONSON, J. The replication is bad for *duplicity,* and the demurrer is special. The pleader has attempted to put several things in issue : *first,* that the demands mentioned in the declaration were not in fact submitted ; *second,* that the parties did not intend to submit those matters; *third,* that the arbitrators did not award up on those matters ; and *fourth,* that the arbitrators did not direct a release as mentioned in the plea, nor any release of the cause of actions mentioned in the declaration.

The replication is also objectionable on other grounds. It alleges that the demands mentioned in the declaration were not *intended* to be submitted. What the parties intended to do, depends on the true construction of the submission ; and what they have done, cannot be controlled by any averment in pleading. Again : the plaintiff says, the arbitrators did not award any release *whereby* the causes of action mentioned in the declaration were released. This is an attempt to put in issue matter of law for the decision of a jury.

If the plaintiff wished to deny the submission, he should have tendered a direct issue upon that fact alone ; and so of the award. If the question which he wished to present, was upon the legal effect of the submission, he should have demurred after setting it out ; and if he wished to try the legal effect of the award, he should have craved oyer, set it out and demurred.

It is probable, judging from the argument, that the pleader intended to say, that whatever may be the construction of the submission, although it may be broad enough to in clude the promises mentioned in the declaration, yet those matters were not in fact laid before the arbitrators, and they made no award concerning them. An award properly made in pursuance of the authority conferred on the arbitrators, is conclusive as to all matters to which the submission extends, whether any particular matter included in the submission was laid before the arbitrators or not. *Wheeler*

v. *Van Houten*, 12 Johns. R. 311. The case of *Ravee* v. *Farmer*, 4 T. R. 146, does not conflict with this principle ; nor does *Golightly* v. *Jellicoe*, cited in a note to that case. In both instances, the submission was of *all matters in difference*, and the plaintiff was allowed to prove that the particular matter for which the action was brought, was *not in difference.* The evidence did not contradict or limit the effect of the submission ; but only identified the particular subject to which it related. It was not a general submission of all demands, but only of such matters as were in difference ; and inasmuch as the particular matters in difference were not specified, evidence was received to show that the demand for which the action was brought was not among the number, and so not included within the submission. Both of these cases admit the principle, that the award is final as to all matters to which the submission extends. In *Dunn* v. *Murray*, 4 Man. & Ryl. 571, there was a reference of all matters in difference, and it was held conclusive as to a demand coming within the scope of the reference, although it was not in fact laid before the arbitrator, and he made no award concerning it. See also *Trimingham* v. *Trimingham*, 4 Nev. & Man. 786. *Harris* v. *Wilson*, 1 Wendell, 511, was decided on the ground that the note on which the action was brought, was not included in the submission. I agree fully in what was said by the court in *Wheeler* v. *Van Houten*, that it would be a dangerous precedent to allow a party, on a submission so general, intended to settle every thing and avoid litigation, to lie by, and submit only part of his demands, and then institute a suit for the part not brought before the arbitrators. This, like other general rules, may sometimes operate harshly ; but it is nevertheless a salutary principle, from which we cannot depart without the danger of defeating the beneficial ends intended to be answered by allowing parties to submit their controversies to judges of their own selection.

No objection has been taken to the form of the plea ; and after what has been said, it is only necessary to inquire whether the submission was broad enough to include the demands for which the action is brought. The submission

is almost as general as language could make it. It includes

among other things, all cause and causes of action, contracts, promises, accounts, reckonings, sums of money, damages and demands whatsoever between the parties. But it is said that inasmuch as the plaintiff and Ryckman were joint obligors in one of the bonds, and obligees in the other, the submission did not include the demands of the plaintiff *alone* against the defendant. The rule is settled otherwise. It is said in *Baspole's case*, 8 Coke, 193, that if two on the one part, and one on the other part, submit themselves, the arbitrator may make an arbitrament between one of the two of the one part, and the other of the other part, and it will be good. And so the rule is laid down in *Chapman v. Dalton*, 1 Plowd. 289, citing 2 R. 3. The case in the Year Book, 2 R. 318, referred to by Plowden, is thus stated by Kyd on Awards, 157 ; where the submission was between three on the one side and one on the other, of all actions and demands between them, it was held that the arbitrators had an authority to make an award of all *joint* matters between the three and the one, and also of all matters *severally* between the one *and any one of. the three ;* and Brook, in abridging the case, says this is good law ; but he denies that what follows is good law, viz : that the arbitrator has an authority to decide on any matter between any two of the other three. See also Vin. Ab., Arbitrament, (D.) pl. 5 and note. In *Libtral* v. *Field*, 1 Keb. 885, p. 1, 47, it was held, that an award between one of one side and one of another is sufficient, on a submission by several. In *Athelstone* v. *Moon & Willis*, Comyn. R. 547, a motion was made for an attachment for not performing an award. The award was that Willis should pay a sum of money due *by him* to the plaintiff. The submission was of all matters between the parties, without saying between them or either of them ; and objection was taken that this must be understood of *joint* demands of the plaintiff against both defendants, and so the award was not good. But the court disallowed the objection; and said, a submission of several persons of all matters in difference between them, imports

a submission of all matters that either had against the other jointly or *severally*. See also *Carter* v. *Carter*, 1 Vern. 259, and 1 Eq. Ca. Ab. 49, p. 1, 2. *Joyce* v. *Haines*, Hardr. 399. Bac. Ab., Arbt. & Award, (E.) Com. Dig., Arbit. (D. 4.) I do not find that this doctrine has been denied in any of the more modern cases.

A leading object in submissions to arbitration, is to make peace and put an end to legal controversies; and the agreement of the parties ought to be liberally construed in furtherance of that object. In the case at bar, the submission is almost as comprehensive as words could make it. There is nothing indicating the intention of confining the arbitrators to *joint demands* of the plaintiff and Ryckman against the defendant. If the parties intended any such limitation, it is reasonable to suppose that they would have inserted some qualifying words in the submission.

The replication being bad, must be laid out of view. The case then stands on the plea. That sets up a submission broad enough to include the demands for which this action is brought; and the legal intendment is, that they were actually adjusted by the arbitrators. For the reasons already assigned, I think the plaintiff is not at liberty to allege that those demands were not in fact laid before the arbitrators and passed upon by them. But the plaintiff, if he shall be so advised, may amend and put that question on the record.

Since issue was joined on the demurrer, the plaintiff has proceeded to trial and obtained a verdict on the issue in fact; and it is therefore objected that he cannot have leave to amend. When judgment is given against *the defendant* on demurrer after a verdict for the plaintiff on an issue of fact, it is settled that the defendant shall not have leave to amend. *Hallet* v. *Holmes*, 18 Johns. R. 28. And in England, it seems that this rule is applicable to *the plaintiff* where judgment is given against him on demurrer. 2 Saund. 300, note 3. 1 Saund. 80, note 1. But the question of amendment is, in general, addressed to the discretion of the court, and the plaintiff has been allowed to amend under smilar circumstances. *Booth* v. *Smith*, 5 Wendell,

107. If the plaintiff elects to amend, he must, in addition to <span>NEW-YORK,</span> the usual terms of paying the costs of the demurrer, relinquish <span>May 1838.</span> the verdict and pay all costs subsequent to the joining of the <span>Ontario Bank</span> issue.                                                                <span>v.</span>
                                                                 <span>Rathbun.</span>

Ordered accordingly.