By the Court, Cowen, J.
The award was properly against Isaac Wellington, whether the submission were between the plaintiffs and him alone, or hipa and' his partner. (Fidler v. Cooper, 19 Wend. 285, 288, et seq. and the cases there cited by Bronson, J.) That is to say, the arbitrators had power to award against Wellington alone. Whether they may not have erred on the merits, we, as a court of law, have no power to inquire.
The oinission to swear the witnesses also, whether the parties had agreed that they should be sworn, or not; .and whether the parties waived their being sworn, or not, is at most mere matter of error or mistake, which we cannot correct. (Emmet v. Hoyt, 17 Wend. 410, 413, and cases there cited by Ch. J. Nelson.)
The questions submitted to the jury, neither of them related to the power nor jurisdiction of the arbitrators. It is of these, alone, that the court of law can inquire, in an action on the award. (Id.)
There was no pretence of corrupt misconduct in the arbitrators ; and, if otherwise, it would not be matter of inquiry in an action,(a) though such matter may be urged on a motion to set aside the award, in a case where provision is made that it shall be enforced by rule of court. (Id. Wats, on Arb. 213. 1 Saund. 327, a, note (5).)
We think the learned judge erred; and there must be a new trial, the costs to abide the event.
Ordered accordingly.

 See Browning v. Wheeler, (24 Wend. 258, 9.)