EMANUEL J. LEIGH, plaintiff in error, v. SETH HODGES, defendant in error.

| 4 | 15 |
|---|---|
| 121 | 326 |
| 4 | 15 |
| 147 | 79 |
| 4 | 15 |
| 153 | 668 |

*Error to Montgomery.*

| 3s | 15 |
|---|---|
| 208 | 1640 |
| 3s | 15 |
| 211 | 5343 |

A motion to withdraw a plea is always addressed to the discretion of the Court.

It is not error for the Circuit Court to permit a defendant to withdraw his plea of the general issue, after issue has been taken upon that and several special pleas.

Witnesses, who are subpœnaed in a cause, are entitled to their fees, whether they are sworn or not.

It is a well settled rule, that exceptions to the charge of the judge should be taken at the time the charge is given, and before the jury retire, though they need not then be written out. It is too late to take exceptions after the verdict is rendered.

It does not always follow that a new trial will be granted, even if the jury find against the weight of evidence, against the instructions of the Court, or through misdirection of the Court on a point of law, provided the Court is satisfied that justice has been done.

A compromise may be proved by a surety, who is a stranger to the acts done by his principal, in effecting the compromise of an obligation, by less testimony than would be necessary on the part of the principal, to prove the same fact.

THE facts in this case sufficiently appear in the opinion of the Court.

D. A. SMITH, for the plaintiff in error, cited Humphreys v. Collier *et al.*, 1 Scam. 47; Wright v. Sampson, 6 Vesey 734; 10 East 34; 1 Bos. & Pul. 419; 17 Johns. 176, 401; 15 Johns. 433; 3 Wheat. 151–8, and note; 19 Johns. 59, 60.

S. T. LOGAN and JAMES SHIELDS, for the defendant in error, cited 1 Chit. Plead. 97; Chit. on Bills 475; 8 East 242; 3 Kent's Com. 121.

BREESE, Justice, delivered the opinion of the Court:

This is an action of *debt*, originally commenced by Leigh in the Circuit Court of Macoupin, against Hodges, as the surety of one English, in an appeal bond, and, by change of venue, brought into the Circuit Court of Montgomery. The declaration is in the usual form, to which the defendant pleaded the general issue and several special pleas, some of which were adjudged bad on demurrer, and upon others issues of fact were made up.

At the September term, 1838, a trial was had, and a verdict found for the defendant. A new trial was granted, and the same verdict was rendered at the April term, 1839.

On this trial, before any evidence had been offered to the jury, the defendant asked leave to withdraw the general issue, though joined by the plaintiff, which was granted, and the trial proceeded upon the issues made up on the special pleas, neither of which it is deemed necessary to notice, except the tenth, which is, in substance, that after the execution of the bond sued on, an agreement was made by the plaintiff and English, the principal, that if he, English, would pay the lawyers' fees and the costs, that the appeal

should not be prosecuted, and that such payment should be a complete satisfaction and full discharge of the judgment, and which English did do, &c.

This judgment appealed from, it appears, was rendered in favor of Leigh against English, in the Macoupin Circuit Court, in September, 1835, in an action of slander. A verdict was again found for the defendant, which the plaintiff moved to set aside, for the reason, first, that it was against the facts proved in the cause; and, secondly, that it was against the instructions of the Court.

The facts were, as appears by the bill of exceptions, that the plaintiff, defendant, and English were together, on an occasion, after the appeal had been taken from the judgment rendered in the action of slander, when English told the defendant, in the presence of the plaintiff, that the suit was compromised upon his paying the costs, and that the plaintiff said he was too good a Virginian to claim more than the costs, and seemed satisfied with defendant for having gone security for English; nothing was said about lawyers' fees. This was in the spring of 1836. At another time, in the same year, the plaintiff stated to another witness, that English was to pay all costs and lawyers' fees; that he did not know that any thing more would be done with the suit; that English was bound for all costs, and he did not know of any lien he had on the defendant. Another witness, who was one of the counsel for Leigh, in the slander suit, proved, that in September, 1835, immediately after the rendition of the judgment against English, he, at the request of English, addressed a note to the plaintiff, proposing terms of compromise, which the plaintiff accepted. The terms were, that English should pay each of the three lawyers employed by the plaintiff, fifty dollars, and all the costs, when the judgment was to be considered satisfied. A writing was executed to this effect, and filed in the clerk's office; that English did pay, as witness personally knows, two of the lawyers, and the clerk agreed to take him for the costs; that this arrangement was made without consulting the defendant; that English remained in this State sometime afterwards, when he left for a distant country, with valuable property.

The motion for a new trial was denied, and a bill of exceptions taken, in which is set out the evidence as given above; the instructions asked for by the plaintiff, as given by the Court; and the following instruction, given at the instance of the defendant's counsel, namely: " That if the jury believed from the evidence, that the plaintiff represented to the defendant, who was security in the appeal bond, that a compromise had been entered into between him and English, the principal, and that by such representations he lulled the defendant into false security, until the principal had left the country, that he is bound by such representations, and is not now entitled to recover in this action.

The case is brought here by writ of error, and the errors assigned

are: first, in permitting the defendant, on his motion, to withdraw the plea of *non est factum,* after the plaintiff had taken issue upon it; and, secondly, in refusing the motion for a new trial, predicated, with other reasons, on this, " that the judge misdirected the jury, as to the law of the case, in giving the instruction as above stated, on the part of the defendant."

As to the first assignment of error, the record nowhere shows that the plaintiff made any objection to allowing the motion for leave to withdraw the general issue, nor is it perceived how he could object, as it was for his benefit. It relieved him from the necessity of offering any proof whatever, and could not prejudice his case. The idea that witnesses might have been summoned to sustain that issue, on the part of the plaintiff, and, not being sworn, would not be entitled to their fees for attendance, seems not to be well founded, as whether sworn or not, their fees would be taxed. We can see no inconvenience or hardship to a plaintiff, by allowing a defendant to withdraw the whole, or any part, of his defence. It is a motion resting in the discretion of the Court, and will be allowed or not, according to circumstances.

As to the second error assigned, it will be seen by an inspection of the record, that the alleged misdirection of the Court is not urged as a reason for a new trial, and that no exception was taken to it on the trial. The only reason assigned for a new trial are, that the jury found against the evidence, and against the instructions of the Court. It is a well settled rule, that exceptions to the charge of the judge should be taken at the time the charge is given, and before the jury retire, as thereby an opportunity is at once afforded the judge for more reflection, to correct any error into which he may be precipitated, in the hurry of trials on the circuit.

It is too late to take the exception after the verdict is rendered. The Court do not wish to be understood as saying that the bill of exceptions should be formally drawn up and signed before the verdict, but that the exception must be noted on the minutes, or in some other way. This alleged misdirection of the Court, then, if it was one, cannot now avail the plaintiff, and this Court is only to determine whether or not the Court below erred in refusing to set aside the verdict, as contrary to the evidence, and as contrary to the instructions of the Court, as asked for by the plaintiff. The evidence, as has been shown, and the instructions given in the plaintiff's motion, were, that if the jury did not believe, from the evidence, that Leigh and English, before the December term, 1835, of the Supreme Court, made a compromise of the judgment rendered at the September term, 1835, of the Macoupin Circuit Court, by the terms of which English was not to prosecute his appeal to said term of the Supreme Court; and if they did not believe, from the evidence, that said appeal was duly prosecuted to said term of said Court; and if they did not believe that defendant proved a full

compliance with the terms of the compromise made in the spring of 1836, that then they must find for the plaintiff his debt, &c.

Sitting, as the Circuit Court was, in disposing of this motion for a new trial, we are only to ascertain if, upon the whole case as presented, substantial justice has been done. It does not always follow that a new trial will be granted, even if the jury find against the weight of evidence, against the instructions of the Court, or through misdirection of the Court on a point of law, provided the Court is satisfied that justice has been done. There have been two trials of this cause, in both of which verdicts passed for the defendant. It is a case where a surety is sued, after assurance by the plaintiff that the matter had been adjusted with the principal, who had left the country with property. We think sufficient evidence was given to the jury, on the part of the defendant, to raise the presumption, that the terms of the compromise, as stated in the tenth plea, had been fully complied with. If the principal himself was the defendant, stronger evidence might, perhaps, be requisite; but in behalf of a stranger to the acts done by way of a compromise and adjustment, less would suffice. In the absence of all proof of any demand ever having been made upon the plaintiff for costs or lawyers' fees, since the compromise, the jury were warranted, from the evidence offered, in believing that the terms of the compromise had been complied with. They could well infer, from the facts proved, that the principal had fully complied therewith. Without deciding the question presented by the instructions given on the part of the defendant, and which is a very important one, we are of opinion that the Circuit Court decided right in refusing a new trial, and accordingly affirm the judgment with costs.

SCATES, Justice:

I concur in the affirmance of the judgment; but I do not in the reasoning of the majority of the Court, that a motion for a new trial will not present, for the consideration of the Court below, and of this Court, any misdirection or improper instruction of the Court to the jury, whether excepted to on the trial or not. I am of opinion that such misdirection or instruction properly comes up for consideration on such motion, although not excepted to when given.

*Judgment affirmed.*

D. A. SMITH, for the plaintiff in error, moved for a re-hearing in this cause, and cited 3 Wend. 418; Archer v. Hubbell, 4 Wend. 514; Benham v. Cary, 11 Wend. 83.

The motion was overruled.