Lewis *v.* Miner.

---

## LEWIS *vs.* MINER.

The losing party to a bet or wager who, after the event is known, has paid or de-livered to the winner the money or property staked, may sustain an action to recover it back. *Per* BRONSON, C. J.

But where the stake which was won was an article of personal property, which the loser retained in his possession, and when the event was determined against him, purchased it of the winner and paid him for it in money, and then sued him for it in trover, treating the sale to himself as a conversion by the defendant, *held* that he could not recover.

Whether, if the suit had been for the money paid upon the purchase, he could have recovered, *quere.*

ERROR to Madison C. P. Miner sued Lewis before a justice of the peace, and declared in trover for a cutter ; and the case

was this : In the fall of 1844, the parties each owned a cutter and bet the cutters one against the other on the result of the then approaching presidential election in Madison county. The bet was made at Morrisville, where the defendant's cutter then was. The plaintiff's cutter was at DeRuyter. The one which should lose was to deliver his cutter after the election. The defendant won the wager. It was further proved that the parties met at Morrisville after the election, and the defendant sold the cutter— the one which the plaintiff had staked—to the plaintiff for $15, which sum the plaintiff paid. The defendant asked $18 for the cutter, and the plaintiff offered $15 ; and the defendant finally accepted the plaintiff's offer, saying it would cost him $3 to go to DeRuyter and get the cutter. It was also proved that the defendant said, after the election, that he had won the bet, and had sold the cutter to the plaintiff for $15. The cutter was worth about $25. The defendant moved for a nonsuit, which was refused, and the justice gave judgment for the plaintiff for $23,74 damages. On certiorari, the C. P. affirmed the judgment. The defendant brings error.

*N. Foote*, for the plaintiff in error.

*D. Brown*, for the defendant in error.

*By the Court*, BRONSON, Ch. J. With the exception of contracts of insurance, bottomry and respondentia, all wagers made to depend upon any lot, chance, casualty, or unknown or contingent event, are unlawful : and all contracts for and on account of any money, property, or thing in action, which may be wagered, bet, or staked, are void. If the money or property has been paid, delivered or deposited, the owner may sue for, and recover it, whether the wager has been lost or not. (1 *R. S.* 662, § 8 to 10.) The statute extends to cases where the money or property is paid or delivered after the wager or game has been decided, as well as to those where the money or property was deposited beforehand with a stakeholder. Both classes of cases are equally within the language of the statute ; and they

are also within the mischief which the legislature intended to suppress. It is a common thing that the money or property is not paid or delivered until after the game or bet has been decided; and to hold that the loser cannot recover in such a case, would go very far towards defeating the policy of the statute. It is true, that by the payment or delivery, the party consents to part with his property; and at the common law he would have no remedy to recover it. But the statute nullifies the consent, and gives him a remedy by action.

Although the agreement to game or wager is void, the subsequent delivery of the property cannot be regarded as a voluntary gift. It is a payment made in pursuance of an illegal contract; and, upon principles of public policy, the legislature has provided that the money or property may be recovered back.

Thus far I see no difficulty in the plaintiff's case. But there is an objection which cannot, I think, be got over. There is no proof that the plaintiff's cutter was ever delivered to the defendant, or that he has had it in his possession or under his control for a single moment. All the evidence tends to a different conclusion. The plaintiff had the possession at the time the bet was made, and he has had it ever since. How then, can he maintain this action of trover? The argument is, that the sale of the cutter by the defendant was a wrongful act, which affords sufficient evidence of a conversion of the property to enable the plaintiff to maintain this action. That might, perhaps, be so, if the sale had been made to a third person; though in that case, the plaintiff would not be entitled to recover the full value of the property, so long as his possession and enjoyment remained wholly undisturbed. But here, the sale was made to the plaintiff. He was a party to the transaction, and cannot complain that it was a wrongful act. The sale was made with the plaintiff's consent and approbation; and still more—at his request; and he cannot now turn round and say it was a tort, upon which he can found an action of trover. Whatever a man may do with my property—whether he sell or pledge it, or dash it in pieces— if he have my full consent at the time, I cannot afterwards treat

him as a wrongdoer. The principle is so plain that it needs only to be mentioned.

The statute does not come to the plaintiff's aid upon this point. That only relieves him from the consequences of a consent involved in the delivery of the property. Here, there has been no delivery. If the contract of purchase and sale was void under the eighth section of the statute, it was void as to both parties, and *in toto.* If the consent of the vendee was a nullity, so also was the consent of the vendor. In short, there was no sale. If there was no sale, then there is nothing which looks like a conversion of the property. And if there was a sale, it was made with the full consent of the plaintiff; and he cannot turn it into a tort, and maintain trover.

I have considered the transaction between the parties after the election, as it is spoken of in the case. It is called a sale; but it might as well have received another name. By the original agreement, the property was not to be delivered until after the election. When that event had passed, the parties met and agreed that the defendant had won, and the plaintiff had lost the wager. The question then was, whether the cutter should be delivered to the defendant, or whether he should relinquish his claim upon it for a sum of money. The latter course was agreed on by the parties, and the plaintiff paid $15, and kept his cutter. He has never parted with the property, nor has the defendant ever had it, for a single moment. This is only another mode of showing that this action of trover cannot be supported. Whether the plaintiff can recover the fifteen dollars, in an action for money had and received to his use, is a question which need not now be considered.

Judgments reversed.