Metcalf, J.
This case is rightly brought before us by ap peal. Skeels v. Chickering, 7 Met. 316.
The first objection taken to the award is, that it does not follow the submission. The ground of this objection was thus stated in the written argument of the appellants’ counsel: “ There are but two parties to the submission; John French and wife being one party, and Thomas Richardson the other party; and the husband submitted, in his own right, no claim The words in the submission, ‘ or all demands which either of them has against the other,’ have no effect, or this effect only, viz., they give the arbitrator power to award severally, where there has been any severalties.” But this view of the matter is contrary to the decision in Joyce & Anderson v. Haines, Hardr. 399. That was an action of debt on an arbitration *453 bond made by Haines, conditioned to perform an award between the plaintiffs and Haines’s wife, or any of them. The arbitrator made an award of a claim by the plaintiffs against Haines only. The court “held that the award was good, though nothing at all were awarded concerning the defendant’s wife; because the words of the submission were, between them or emy of them.” And so the books uniformly state the law, in similar cases. Hayne v. Hilborne, 2 Lutw. 1625; 1 Nels. Ab. 238; Bac. Ab. Arbit. & Awards, E. 1; Kyd on Awards, (1st ed.) 121, (2d ed.) 182, 183. Indeed, there are authorities, ancient and modern, that when one person, of the one part, and two or more persons, of the other part, or two or more persons of each part, submit' all matters in difference between them, the arbitrator has authority to decide all several, as well as all joint matters, between them, although the words “ or any of them,” “ or either of them,” are not inserted in the submission. See Plowd. 289; Doderidge’s English Lawyer, 177, 178; March on Arbitrements, (ed. of 1674,) 176, 177; Watson on Arb. 106, 107; Russell on Arb. c. 2, § 2; Fidler v. Cooper, 19 Wend. 285; Dater v. Wellington, 1 Hill’s (N. Y.) Rep. 319.
The next objection to the award is, that “ in the original claim, submitted to and acted on by the arbitrator, is contained matter involving a question concerning title to real estate,” which is not a subject of such submission. But we cannot find that title to real estate was brought in question by the submission and the claim thereto annexed. The appellee gave to the appellants a writing, in June, 1840, acknowledging that he held in trust, for Mrs. French, the sum of seventeen hundred dollars, which was then invested in real estate, and promising to “make over” the same to her, on request, upon condition, among other things, that she should deduct from said sum such advances or payments as he might make to her in consequence of said sum’s being in his hands, so invested. And the arbitrator states that the appellants had not repudiated any investment in real estate, until after the appellee had paid, or become liable to pay, more than seventeen hundred dollars, in cash, for the appellants. On these facts, there is no ground for saying that the title to real estate was submitted to *454 the arbitrator. The claim was for seventeen hundred dollars of Mrs. French’s money, which the appellee once had in his hands, and which he had invested in real estate, (in his own name, as we must understand,) but which he had fully accounted for before the award was made.
The other objection to the award is, that the arbitrator has exceeded his authority, by enlarging upon, explaining, and justifying his first award, when it was recommitted only for the purpose of his stating the exact claims made by the appellants at the original hearing before him. But the record does not sustain this objection. It merely shows that the award was recommitted. And by such recommitment the arbitrator was not restricted within narrower limits than were prescribed by the original submission. He states, indeed, that he understood, from the counsel of the parties, that the object of the recommitment was to ascertain the exact claims made by the appellants, at the first hearing. He therefore annexed to the award the original papers, being the evidence of the claims made and insisted on by the appellants, in the closing argument of the case. He then states the grounds on which he made the first award. We see, in this, no legal ground for the objection that he exceeded his authority.
These are the only objections which the appellants have made to the award; and the court have not sought for any others.

Judgment of the cou/rt of common pleas affirmed.