Paige, J.
This case cannot be distinguished from that of Rucharían v. Pitcher (1 Comst., 411), which was an action by the loser of a bet, on the event of a trotting match, against the stakeholder, after the money lost had been paid over by the stakeholder to the winner; and in which action the Court of Appeals decided that the loser was entitled to recover the sum deposited by him with the stakeholder. In that case, the loser, after the wager was lost, on being asked by the defendant (the stakeholder), whether he had any objection to the money being paid to the winner, replied that he was satisfied, and directed the defendant to pay over the money. In the present case, immediately after the wager was determined, the plaintiff told the defendant to give up the money, referring to the money staked on the ev.ent of the cock-fight, and said it was Courtney’s, the winner’s, money. This is the whole evidence in relation to .the plaintiff’s direction to the defendant to pay over the money. It is, therefore, not a case of conflicting evidence. Upon this evidence, the judge charged the jury that if after the cock-fight had terminated, the plaintiff, without regard to any wager, directed the defendant to pay the money to Courtney, as a voluntary gift or gratuity, and not as money won upon the event of the cock-fight, the verdict should be for the defendant. It seems to me that the evidence did not warrant this charge to the jury. No reasonable interpretation of the direction and declaration of the plaintiff, having reference to the time (being immediately after the determination of the wager) and the circumstances under which they were made, could possibly authorize an inference of fact that the plaintiff intended that the money should be delivered to Courtney, not as having any right to it, but as a. free and voluntary gift or gratuity of the plaintiff to him. It was within fifteen minutes after the termination of the co.ck-fight that the plaintiff directed the defendant to give up the money to Courtney, and declared that it was his money. The language used by the plaintiff, and the time *526 when it was uttered, repel the idea that lie intended to make a gift to Courtney. The words used by the plaintiff, “ give up that money to Courtney,” are the appropriate words to be used as a direction to pay it over to Courtney as a stake won by him; and the additional words, “it was his, Courtney’s, moneyi” are confirmative of the idea that such was the intent of the plaintiff. The latter words are a recognition that the money was already Courtney’s, by reason of his winning of the wager; and the natural sense of the words, “give up that money,” is, pay it to Courtney, as the result of the wager entitles him to it. These words, “ give up that money: it is Courtney’s money,” are entirely inconsistent with the idea of a free and voluntary gift. The case of Lewis v. Minor (3 Denio, 105), sustains this view of the case. Upon the undisputed evidence the jury were not at liberty to infer that the plaintiff directed the money to> be paid over as a gift to Courtney; and the judge committed an error in leaving it to them to make that inference. He should have instructed them, as a matter of law, to find a verdict for the plaintiff. Where .the judge leaves it to the jury to infer a fact, not warranted by the evidence, it is error, and a new trial will be granted. (12 Barb., 84; 1 Wend., 511; 1 Denio, 583.) The idea of the charge was probably suggested by a paragraph in the opinion of Judge Jones, in Ruclman v. Pitcher (1 Comst., 410), in which he says that if the consent and direction of the loser,-that the stakeholder pay the money to the winner, be a justification to the stakeholder, it “must be on the ground that the consent and direction has been given for the payment of the money, not, &c., as a stake won by the winner, but as money of the loser directed by him to be paid to the winner, &c., as a free and voluntary gift or gratuity,” &o. Judge Jones adds to these remarks, “that it would be highly improbable, I will not say impossible, that any such case should ever occur and perfect good faith exist.” It would be doing violence both to the language and .intention of the *527 plaintiff to hold that he directed the money deposited by him in the defendant’s hands, as a stake upon the event of the wager, to be paid to Courtney, not as money won by him, but as a free and voluntary gift from him to the plaintiff.
The object of the statute to prevent betting and gaming was the protection of the public morals. The act being enacted for the public good, it should be so construed as to attain, as far as possible, the end proposed, by suppressing the mischief against which it was directed. To sustain the charge in this case would be a substantial abrogation of the statute; as it would suggest a way in which its benign provisions could, in most cases, be evaded, and its policy defeated.
In my opinion the judgment should be reversed, and a new trial ordered.
Denio, C. J.
If I had been a judge in the case of Ruclcman v. Pitcher, reported in 1 Comst., 392, I should not have concurred in the decision of the court, but should have dissented with Judge Bronson. But the point having been deliberately determined, that an action will lie against a stakeholder who has paid over the bet to the winner, after the event, by the direction of the loser, we are bound to apply the law thus settled to the present and all subsequent cases.
In this case, the defendant was a stakeholder of the money sought to be recovered, and after the fight had taken place, and the event had been ascertained, the plaintiff, who had deposited his part of the money as a bet on the event of the game, directed the defendant, who was the stakeholder, to give up the money to Courtney, the other party to the bet, saying it was his, Courtney’s, money. The necessary and unavoidable inference from this was, that the event had been determined in Courtney’s favor; that the plaintiff acquiesced, admitted himself to be the loser, and directed the payment to be made upon the footing of money *528 lost to Courtney, by the determination of the game in his favor. There was not the slightest evidence, nor any reason co believe, or even to suspect, that the plaintiff directed the payment to be made as a gift or gratuity, irrespective of the bet, and the judge erred in submitting such a theory to the jury. The judgment should be reversed.
All the judges who heard the argument concurring,
Judgment reversed and new trial ordered.