EBENEZER BENEDICT, Appellant, *v.* JOSIAH JOHNSON, Respondent.

(ADJOURNED GENERAL TERM, FIFTH DISTRICT, DECEMBER, 1869.)

A verdict improperly influenced by misdirection of the judge, will be set aside on motion upon a case made, although no exception has been taken at the time of the charge.

APPEAL by the plaintiff from an order, made at Special Term, granting a new trial.

The plaintiff commenced an action of trespass *quare clausum fregit*, against the defendant, in a justice's court, charging him in his complaint with breaking and entering his close, which was described, and digging up the soil, building a post and board fence thereon, and cutting down the trees standing and growing thereon, &c.

The defendant pleaded title to the premises in question,

and gave security; and the plaintiff thereupon commenced this action for the same trespass, to which the defendant again interposed the plea of title.

The cause was tried at a Circuit Court, held in the county of Lewis, before the court and a jury, and under the direction of the judge, a verdict was rendered in favor of the defendant, which was afterward set aside and a new trial granted for misdirection.

The action was again tried at a Circuit Court, held in that county, before the same justice and a jury, in April, 1868, and resulted in a verdict for the plaintiff. The defendant afterward moved, at a Special Term, for a new trial, on a case made, alleging as the grounds thereof, the misdirection of the judge to the jury, and also newly discovered evidence.

The court, at Special Term, granted the new trial, mainly because of misdirection to the jury, upon payment by the defendant of the costs of the former trial, and of opposing the motion, and from that order the plaintiff appeals.

George W. Smith, for the appellant.

A. J. Mereness, for the respondent.

Present—BACON, FOSTER and MORGAN, JJ.

By the Court—FOSTER, J. The parties owned adjoining farms, and it appeared by the evidence that more than thirty years ago, a crooked fence was constructed on or near the line between them, which was intended for a line fence. The general direction of the fence, which was about 100 rods in length, was pretty straight, but it had crooks at several points, at some of which it diverged on one side, and at others on the other, from a straight line.

There was much conflict in the testimony in regard to what was claimed by the respective parties to be the true corners at the extremities of the line between them, and as to where the true line was, according to their respective deeds. Those questions upon the evidence were left in much doubt, so that

it was quite uncertain whether the acts of the defendant, which were complained of, were committed on the land of the plaintiff, or on his own premises; but there seemed to be no dispute that the post and board fence, built by the defendant in the fall of 1866, was constructed on the plaintiff's side of the old fence, as it was before the fence in question was made, and that some of the trees, which he at that time cut, were also standing on the plaintiff's side of the old fence.

The plaintiff endeavored to prove, and he insisted that the line between the two farms had become settled, as he claimed it was, by acquiescence for more than twenty years, while the defendant insisted and attempted to prove, that there had been no acquiescence in that line; and it appeared from the evidence that both parties had repeatedly, and during a series of years made alterations of the line of the old fence, when repairing or rebuilding it, and that they had also made repeated attempts by surveys, which they respectively caused to be made, to ascertain where the true line was.

In his charge to the jury, the judge, among other things said : " If the line claimed by the plaintiff is the true line, that would entitle him to a verdict. *He would also succeed if you are satisfied, there has been an acquiescence of twenty years in it as the true line ;* or, he will succeed if you are satisfied the true line is where the fence was at the time the defendant undertook to remove it." A subsequent part of the charge conveyed quite distinctly to the jury, that the evidence had failed to satisfy him where the true line was. And it is quite probable from the whole case, that the verdict which was for the plaintiff, was influenced by that portion · of the charge in regard to acquiescence.

There was no exception taken on the trial to any portion of the charge, and of course, no exception to it will now avail the defendant.

And the question is, should a verdict be set aside on a case made ·for a misdirection of the judge, which improperly influenced the verdict, where no exception is taken at the time.

The authorities to establish that it should ‚be are very numerous, of which I shall cite only *Archer* v. *Hubbell* (4 Wendell, 514); *Harris* v. *Wilson* (1 Wendell, 511); *Wardell* v. *Hughes* (3 Wendell, 418); *Highland Bank* v. *Wynkoop* (Hill & Denio, *supra*, 243).

I have carefully read and examined the case made, and I think the evidence was such as to preclude the conclusion, that either party had acquiesced for twenty years in the old fence as the true line between them; that the charge in that respect was erroneous, that it probably influenced the verdict of the jury.

That the court below was right in granting a new trial upon the terms which were imposed; and the order should be affirmed with costs, including costs of this appeal, to abide the event. (*Kennedy* v. *The Harlem Railroad Company*, 3 Duer, 659.)

MORGAN, J., concurred.

BACON, J., dissented; new trial ordered.