THOMAS KELLEY, RESPONDENT, *v.* JAMES J. McMAHON, APPELLANT.

*Temporary injunction — a reference to ascertain the damages resulting therefrom cannot be ordered until the plaintiff's right to it has been finally decided — how this decision must be made.*

In this action, brought by a tenant to have his lease reformed, a temporary injunction was granted. Upon the trial it appeared that the plaintiff had voluntarily surrendered the premises, whereupon the referee refused to hear the case upon its merits and directed that the complaint be dismissed, but without prejudice to the right of the defendant to take such action as he might deem advisable to recover such damages as he had sustained by reason of the injunction, the question as to whether the plaintiff was entitled to the injunction or whether the defendant was entitled to any damages by reason of the granting thereof, not being decided. The judgment entered upon his report contained a similar provision.

*Held,* that as it had not been finally decided that the plaintiff was not entitled to the injunction, the Special Term properly refused to order a reference to ascertain the damages sustained by the defendant.

That it was not within the power of the Special Term, upon the hearing of the motion for the reference, to alter or vary the decision of the referee, or the judgment entered thereon, or to determine that the plaintiff was not entitled to the injunction.

APPEAL from an order of the Special Term in Cattaraugus county, refusing a motion for a reference to ascertain the damages alleged

by the defendant to have been sustained by him by reason of the issuing of an injunction.

The order states, viz.: "It appearing from the judgment in this action that the question whether the plaintiff was entitled to the injunction has not been decided, it is ordered that this motion be and the same is hereby denied." The plaintiff brought the action to reform a lease of a hotel made the 8th of June, 1881. The lease stipulated that the plaintiff should leave on one month's notice in case the hotel was sold, and the action sought to restrain the lessor from turning out the tenant, upon giving such notice, by means of summary proceedings. It was referred to a referee and the parties appeared on the 22d of August, 1882, and made certain admissions whereby it appeared that the plaintiff had left the premises, having voluntarily surrendered the possession thereof to the vendee of the defendant, and that the relief sought by the complaint is no longer of any importance.

The referee in his decision said, viz.: "I now determine and decide that I will not hear the case upon its merits merely for the purpose of deciding upon the question of costs, and I direct that the complaint herein be dismissed, but without prejudice to the right of the defendant to take such action as he may deem advisable to recover such damages as he may claim to have sustained by reason of said injunction, * * * without hereby deciding on the question whether plaintiff was or is entitled to such injunction, or whether defendant is entitled to any damage by reason thereof, and I direct accordingly."

A judgment was entered upon the report, and in it the following clause is inserted, viz.: "That the said referee does not find or decide whether the plaintiff was entitled to the injunction herein, or whether the defendant is entitled to any damages by reason thereof."

*E. D. Northrup*, for the appellant.

*G. M. Rider*, for the respondent.

HARDIN, J.:

By the undertaking given upon obtaining the injunction it was stipulated that plaintiff should pay such damages as defendant may

sustain by reason of such injunction, "if the court shall finally decide *that the said plaintiff* is not entitled thereto." A determination that the plaintiff was not entitled to the injunction has not been made by the court or referee. To guard against the implication which might follow from general words dismissing the complaint, as in *Pacific Mail Steamship Company* v. *Leuling* (7 Abb. [N. S.], 37), the referee inserted in his report words which state in terms that he had not passed upon the plaintiff's right to an injunction. These words, or their equivalent, are found in the judgment. It thus expressly appears that it never had been determined by the referee or the court that the plaintiff is or was not entitled to the injunction. *Vanderbilt* v. *Schreyer* (28 Hun, 63), does not apply, as in that case there had been an order dissolving the injunction and the final order of dismissal or discontinuance was absolute, and when entered the order dissolving the injunction became "operative as a final decision of the court that the plaintiff was not entitled thereto." Because there is no final decision of the court that the plaintiff was not entitled to the injunction, there was no breach of the undertaking shown, and therefore the Special Term properly refused an order of reference to ascertain the damages which the defendant alleged he had sustained. (*Palmer* v. *Foley*, 71 N. Y., 106; *Johnson* v. *Elwood*, 82 id., 364; Code of Civil Pro., § 620.)

This was an equity action, and the court had power to dismiss the complaint in part and to retain it in part for the purpose of considering at a later stage parts of the case not then passed upon. It could have expressly reserved the questions relating to the injunction. We incline to the opinion that the court having, by its reference, omitted to pass upon that branch of the case relating to the right to an injunction, the defendant might have applied for an order to compel the referee to pass upon that question, or might have excepted to his refusal to so pass upon the question, and upon a case presenting the proper exceptions, had a review of the refusal of the referee and a reversal of his decision. But instead, the defendant acquiesced in the course pursued by the referee, and contented himself with just such a judgment as the referee directed. It was not within the power of the Special Term, when the order of reference was asked for to alter or vary the judgment entered, or the decision of the referee, or to determine that the plaintiff was

not entitled to the injunction. (*Stevens* v. *Veriane*, 2 Lans., 96 ; *McLean* v. *Stewart*, 14 Hun, 477.)

The order should be affirmed, with ten dollars costs and disbursements.

SMITH, P. J., and BARKER, J., concurred.

Order affirmed, with ten dollars costs and disbursements