### Independent Packing Company, Plaintiff in Error, v. J. E. Burns, Defendant in Error.

### Gen. No. 15,902.

1. COSTS—*statute as to mileage of witnesses construed.* If a witness attend a trial for more than one day he is entitled to mileage for each day, if his daily travel claimed for is necessary.

2. COSTS—*what affidavit of witness claiming fees need not set forth.* It is not required in his affidavit that the witness shall state the particular term of court at which he attended as a witness.

3. COSTS—*propriety of counter affidavits upon motion to retax.* It is not improper for the court to permit the amendment of witnesses' affidavits, nor is it improper for the courts to consider counter affidavits upon a motion to retax predicated upon affidavits.

4. COSTS—*what not essential to taxation of witness' fees.* Fees of witnesses not actually called in a case may be taxed if they attended for the purpose of testifying and their attendance was reasonably required.

Error to the Circuit Court of Cook county; the Hon. MERRITT W. PINCKNEY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Affirmed. Opinion filed March 14, 1912.

D. J. NORMOYLE, for plaintiff in error.

WILLIAM A. DOYLE, for defendant in error.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

This is a writ of error to the Circuit Court of Cook county, in which the order of that court, in taxing as costs certain witness' fees and mileage, is claimed to be erroneous.

The case was before said Circuit Court on an appeal from a justice of the peace. On the trial plaintiff, after introducing its evidence, took a non-suit, and the court entered judgment against it for costs. The clerk of the court made up a fee bill, in which, as is stated in the brief of plaintiff in error, costs were taxed at the total sum of $60.05. It appears that of this sum $46.80 was for witness' fees and mileage of six witnesses for the defendant, Burns, based on the respective affidavits of said witnesses, who each swore to having attended said court as a witness, at the instance of said defendant, for six days at the October term, to residing three miles from the court house, and to having *necessarily* traveled thirty-six miles in going to and returning from said court house. It further appears that the clerk fixed the attendance fee at $6, and the mileage at $1.80 (being at the rate of

five cents per mile for each day's travel), making a total for each witness of $7.80. On December 18, 1908, plaintiff entered its motion to re-tax the costs, supported by the affidavit of D. J. Normoyle, the attorney for plaintiff at the trial, to the effect that the trial commenced on October 19, 1908, and continued for about two hours, when plaintiff took a non-suit, that said day was the *first day* of the October term of said court, and that witnesses by affidavits claim attendance upon the trial for six days during the *October term,* and to have traveled six miles each day for six days, making a total of 36 miles traveled during said term. On January 2, 1909, said Normoyle filed a further affidavit to the effect that none of said persons claiming fees as witnesses were sworn or gave testimony upon said trial, and that there is no record of any subpoena having been issued or served to compel the attendance of said persons as witnesses; and the motion to re-tax was continued, and defendant entered his motion to amend the affidavits as to witness' fees and mileage, which motion was allowed and plaintiff excepted. On January 16, 1909, the amended affidavits of three of said six witnesses were allowed to be filed by the court, as well as the affidavit of the defendant, Burns, over the objection of plaintiff, but the affidavits of the other three witnesses were in no way amended. The sole change in the amended affidavits of said three witnesses consisted in the allegation of attendance "5 days at the September term and one day at the October term," instead of "six days at the October term," as in the former affidavits, the other statements being the same. The affidavit of Burns stated in effect that he was acquainted with all the facts of the attendance of the witnesses, and that all six witnesses had each attended the court, at the instance of defendant, for 5 days at the September term and one day at the October term and had each necessarily traveled 36 miles. Thereupon the court entered an order taxing the costs

of each of said six witnesses at $7.80,—$6.00 for attendance and $1.80 for mileage,—making a total of $46.80, to the entry of which order plaintiff excepted.

Plaintiff in error contends that the trial court erred in taxing as costs the witness' fees and mileage of the three witnesses, whose affidavits were not amended; in allowing mileage to all six witnesses for *daily* travel to and from the court house; in admitting the affidavit of the defendant, Burns, and the amended affidavits of three of the witnesses; and in taxing as costs fees of witnesses who were not sworn to testify, and who did not testify.

Section 47 of Chapter 53 of our statutes provides:

"Every witness attending in his own county upon trials in the courts of record shall be entitled to receive the sum of one dollar for each day's attendance and five cents per mile each way for necessary travel. * * * Provided, no allowance or charge shall be made for the attendance of witnesses aforesaid unless the witness shall make affidavit of the number of days he or she actually attended, and that such attendance was at the instance of one or both of the parties or his attorney."

According to the provisions of this statute, a witness attending upon a trial in a court of record in his own county is entitled to receive the sum of one dollar for *each day's* attendance and five cents per mile each way for *necessary* travel. Plaintiff in error argues that while by this statute a witness, who is compelled by the court to attend upon a trial for more than one day, is entitled to a fee each day, still he is not entitled to mileage for more than one trip to and from the court house, and he cites in support of his argument the case of Chicago City Ry. Co. v. Burke, 102 Ill. App. 661, wherein this court said "We do not think that a witness is entitled to mileage going and returning for each day." We do not agree with the argument, because, we think, the words of the statute, "each day's," just preceding the word "attendance," is in-

tended to refer to the travel each way of the witness as well as to his attendance, provided that travel was "necessary," which fact is to be determined by the clerk in the first instance, and, on motion to re-tax, by the court. (Secs. 25-26, Chap. 33, Rev. Stat.) And we do not think that the language of the court above quoted in the Burke case was necessary to the decision, for in that case the court held that the trial court properly refused to tax *any* mileage for any of the four witnesses mentioned because in none of their affidavits was it set forth that the witnesses had *necessarily* traveled any distance. In the case before us each of the witnesses made affidavit to having *"necessarily* traveled a total of 36 miles."

Referring again to the statute, it appears that it is a condition to any witness obtaining any fee for mileage that he make affidavit (1) of the number of days he actually attended, and (2) that such attendance was at the instance of one or both of the parties or his attorney. It is not required that in said affidavit the witness shall state the particular term of court at which he attended as a witness. In the case before us each of the six witnesses, on October 19, 1908, the first day of the October term of the court, made affidavit before the clerk on a printed form of affidavit furnished by the clerk, in which form the blank spaces were appropriately filled in with writing, and each witness swore to having "attended said court as a witness six days at the October term," that he attended the court as a witness "at the instance of the defendant," and that he "necessarily traveled a total of 36 miles." Each witness by his affidavit, therefore, complied with the requirements of the statute, and each witness, probably inadvertently and because of the use of the printed blank, swore that the six days' attendance was "at the October term," which, of course, could not be so. Counsel for plaintiff, on the motion to re-tax the costs, offered in evidence the said

affidavits of the six witnesses, and also the two Normoyle affidavits above mentioned, and rested his case; and then defendant obtained leave to amend said affidavits, and did so in the case of three of said six witnesses in the manner described, and also filed the affidavit of the defendant, Burns. This was all the evidence before the court. Counsel for plaintiff did not controvert the affidavits of the six witnesses, nor the affidavit of Burns, that each witness had attended court for six days at the instance of the defendant and had necessarily traveled 36 miles. He here contends that the six original affidavits were void because each affiant swore to being in attendance six days at the October term, which was impossible, and that only three of said witnesses amended their affidavits, and hence the court erred in allowing any fees to those witnesses who did not file amended affidavits, notwithstanding the affidavit of Burns as to those witnesses, and for the reason that the statute requires *the witness* to make the affidavit. While it is true that the statute requires an affidavit of the witness, we think the statute was sufficiently complied with when the original affidavits were filed, and that the words therein "at the October term" may be treated as surplusage, as the statute does not require the term to be mentioned.

And we do not think that the court erred in allowing the amended affidavits of three of the witnesses, and the affidavit of Burns, to be filed. Plaintiff in the trial court made out its case, on the *motion* to re-tax, by introducing affidavits, and it was proper to allow defendant to also file affidavits. "By general practice, affidavits are allowable to present evidence upon the hearing of a motion, although the motion may involve the very merits of the action; but they are not allowable to present evidence on the trial of an issue raised by the pleadings." 1 Bouvier's Dict. Rawle's Rev., p. 111.

Nor do we think that the court erred in taxing as costs the fees and mileage of the witnesses, because

those witnesses were not sworn and did not actually testify. "It does not necessarily follow that witness fees should not be allowed, because the offered evidence of a witness is excluded, nor because he is not examined. A witness may properly be summoned to meet some anticipated evidence, which is not offered because the witness is present, when it would be if he were absent." Smith v. Kinkaid, 1 Ill. App. 620, 624; See also, Highway Commissioners v. Hamilton, 21 Ill. App. 199; Fish v. Farwell, 33 Ill. App. 242; Leigh v. Hodges, 4 Ill. 15.

For the reasons indicated, the judgment of the Circuit Court of Cook County is affirmed.

*Judgment affirmed.*