UTICA,<br>July, 1834.<br><br>Waite<br>v.<br>Barry.

Judgment reversed.

---

WAITE <i>vs.</i> BARRY.

An *award* of arbitrators, that one party pay to the other a certain proportion of a prize drawn in a lottery, after *deducting* the usual *per centage*, with the *amount then already paid*, where nothing appears in the award showing the amount paid, or from which it can be ascertained by calculation, is *bad* for *want of certainty*, and for not making a *final disposition* of the matters submitted.

Where such proportion of a prize drawn in a lottery is directed to be paid, and an action is brought upon the award, it is rot necessary to allege in the declaration that the prize was drawn in a lottery *authorized by law :* if such defence existed, it should have been urged before the arbitrators.

Arbitrators, to whom a subject in controversy is submitted to determine the rights of the parties, are authorized to *direct the payment* of such sum of money, growing out of such controversy, as they find due from one to the other.

In *indebitatus assumpsit*, it is not cause of demurrer that the plaintiff in his declaration states the *indebtedness* of the defendant and his *promise to pay*, in a sum greater than what from the cause of action set forth in the declaration, he is entitled to recover.

ERROR from the Kings common pleas. Barry declared against Waite in *indebitatus assumpsit* for $500, upon and by virtue of an *award* made by three individuals, in pursuance of

a *submission* to them, by which the parties agreed to refer to the arbitrators " the subject of a difference between them respecting the one eighth part of a lottery ticket, and the prize drawn thereunto, on the seventh day of April, 1830, in the city of New-York," and bound themselves, each to the other, in the sum of $250, to abide by the disposition which the arbitrators should make of the subject. The plaintiff alleged that the arbitrators, on mature examination of the evidence given in the case, were unanimously of the opinion that the defendant did sell to the plaintiff the one eighth of a ticket in the lottery, which was drawn on the seventh day of April, 1830, in the city of New-York, having for its numbers 3, 8, 43, and that the defendant should pay to the plaintiff whatever amount such ticket should have drawn, and which appeared to be the one eighth of $2000 ; which amount the arbitrators awarded in writing to the plaintiff, *after deducting the usual per centage, with the amount then already paid.* The plaintiff averred that the *usual per centage*, so awarded by the arbitrators, to be deducted, was fifteen per cent., and amounted to $37,50, and that the *amount then already paid*, to be also deducted in manner aforesaid, was $21,25 ; and then set forth the promise of the defendant, viz. that being so indebted, the defendant, in consideration thereof, afterwards, to wit, on, &c. undertook, and then and there faithfully promised the plaintiff to pay him the said sum of $500, when he, the defendant, should be thereunto afterwards requested. The defendant *demurred* to this declaration. The common pleas held the declaration good, and gave judgment for the plaintiff, and awarded a writ of inquiry to assess the damages; which were accordingly assessed at $191,25, for which, and the costs of suit, final judgment was rendered. The defendant sued out a writ of error.

*J. Greenwood*, for plaintiff in error.

*W. Rockwell*, for defendant in error.

*By the Court*, SUTHERLAND, J. The first objection taken to the count is, that it states the indebtedness and the assumpsit both at $500, while the award, as set forth in the

body of the count, is only for one eighth of $2000, after deducting the usual per centage, which is averred to have been fifteen per cent. and also the sum of $21,25, already paid, leaving the amount due, under this award, less than $200. The count in this as well as in other respects is unskilfully drawn ; but this defect is one merely of form, and not of substance.    In assumpsit, or even in debt on simple contract, the plaintiff may prove and recover less than the sum demanded in the commencement of his declaration, or in each count.    2 Chitty's Pl. 141, note e.    In *M'Quillin* v. *Cox*, 1 H. Black. 249, the precise point presented in this case arose.    That was an action of debt on simple contract ; and the declaration commenced by stating the defendant's indebtedness at £500, and the breach assigned was the non-payment of the said sum of £500, while the aggregate sum demanded by the different counts was only £450.    The defendant demurred specially upon this ground but the court overruled the demurrer, and held the declaration good, even in point of form.

The next objection taken to the count is, that it does not aver that the ticket in controversy was in a lottery authorized by law.    Such averment was unnecessary in this action.    All matters in controversy in relation to the lottery ticket were embraced in the submission, and of course the legality of the lottery, if that was disputed.    That was matter of defence before the arbitrators, if the defendant could set it up at all ; and their award, whether right or wrong in point of law, is conclusive, if it does not go beyond the submission ; and this action is brought upon the award, and not upon the original cause of action.

It is also contended that the award is broader than the submission, in directing payment of the prize by the defendant. Neither the submission nor the award is set out in terms ; but the submission, stated in the count, is broad enough to embrace every matter in relation to the lottery ticket which could be the subject of controversy.    " It was a difference between the parties respecting the one eighth part of a lottery ticket, and the prize drawn thereunto on the seventh day of April, 1830, in the city of New-York."    This certainly embraces the question of payment, as well as the question of sale,

and liability to pay ; and we are not to presume that the arbitrators have decided upon matters not in dispute, or in relation to which evidence was not given before them. 2 Johns. R. 57. 13 id. 27. 5 Wendell, 270.

But the objection to the award, on the ground of its being uncertain, and not final, as to the amount to be paid by the defendant, appears to me to be well taken. The arbitrators find that the defendant sold to the plaintiff the one eighth of a lottery ticket, numbered 3, 8, 43, and direct that he should pay to the plaintiff whatever amount that ticket drew, which appeared to be one eighth of $2000, which amount they awarded in writing to the said plaintiff, after *deducting* the usual per centage, *with the amount then already paid;* but what that amount was, they do not state, nor does it appear from the award or otherwise that it was ascertained or liquidated, or even that any evidence in relation to it was given before the arbitrators. It is essential to the validity of an award, that it should make a final disposition of the matters embraced in the submission, so that they may not become the subject or occasion of future litigation between the parties. The avoiding of such litigation is the principal object in the selection of such a tribunal—a tribunal whose adjudications cannot be questioned or overhauled, except for gross partiality or corruption, so long as they are confined to the matter submitted to their jurisdiction. It is not indispensible that the award should state in words or figures the precise amount to be paid. If nothing remain to be done, in order to render it certain and final, but a mere ministerial act or an arithmetical calculation, it will be good. Kyd on Awards, 126, 198 to 216, and the cases there cited. *Brown* v. *Hankerson,* 3 *Cowen,* 72. Thus, in this case, the per centage which is directed to be deducted is fixed by law, and the amount upon this prize is easily calculated—*id certum est, quod certum potest reddi.* But no means whatever are afforded by the award, either by reference or otherwise, or determining the amount which may already have been paid by the defendant. If it is disputed, it can be ascertained only by a regular litigation. From the nature of the case, conclusive evidence upon this matter, of which the court can judically take notice, cannot exist. The award,

therefore, as set forth in this count, does not terminate the controversy between the parties in relation to this lottery ticket, but only lays the foundation for a new suit, and is therefore void.

The declaration on this ground is bad, and the demurrer well taken.

The judgment of the court below must therefore be reversed.