# CHARLES B. CALVERT and GEORGE H. CALVERT, vs. CHARLES H. CARTER.

An award found a certain sum due by a testator at his death to the complainant, and that "payments to a considerable amount had been made by" the executor, "on account thereof," since the testator's death, "for which he is entitled to credit thereon," and then awarded "that a fair account be taken between the parties, of the balance due, if any, on account" of said sum, and "that the same be forthwith paid," without stating by whom the account was to be taken, or within what time, or upon what principles; HELD, that this award was void for want of certainty.

APPEAL from the Court of Chancery.

The bill in this case was filed by the appellee against the appellants and others, for an account of the moneys and effects of the maternal grandmother of the complainant's deceased wife, who was the daughter of George Calvert the father of the appellants. The appellee was tenant for life, and his children remainder men in fee, of the fund in controversy.

This fund called in the proceedings the "*maternal succession,*" arose in the following manner. George Calvert in 1799, married Rosalie Eugenia Steer, and by virtue of a marriage settlement between him and his wife, he, as surviving husband, became possessed of a large amount of money and effects, upon the division of the estate of the mother of his said wife, which he was entitled to hold for life only, and which, after his death, was to be accounted for and distributed amongst his children by his said wife. These children were five in number, including the complainant's wife. The said George Calvert, by deed of the 11th of November 1837, conveyed to his two sons, the appellants, certain real and personal estate, in trust, to provide for the payment to his said children of their respective shares of the estate of their said maternal grandmother, for which he was liable; and died in 1838, leaving the appellant, Charles B. Calvert, his executor.

The said George Calvert being also indebted to the com

plainant's wife, on account of certain moneys and effects received by him on her account, from the executors of her maternal grandfather, by deed of 12th of November 1836, conveyed to her trustees certain real and personal estate in satisfaction thereof. This claim was called in the proceedings the *paternal succession.*

The appellants in their answer insist, that all claims and demands of the complainant and his children, against the said George Calvert, deceased, were referred to arbitrators, who made an award, which they are ready to abide by and pray may be established. The complainant on the other hand insisted, that this award was not binding upon him, because the arbitrators had exceeded their authority, by examining into the accounts relative to the *"paternal succession,"* and thereby diminishing his claim to a large amount, and which they had no right to do, because all matters relating to that succession were finally settled and closed up by the deed and settlement of 1836, and were not intended to be opened by the arbitration; and because the said award was, for other defects apparent upon its face, null and void.

This award after reciting the submission that "whereas the said Charles H. Carter and Richard H. Steuart, in right of their respective wives, daughters of George Calvert and Rosalie Eugenia Calvert, deceased, claim to be entitled to certain portions of the estates of said George Calvert and Rosalie Eugenia Calvert, and of the father, aunt and other relatives and ancestors of said Rosalie Eugenia, which estates have come to the hands of the said Charles B. Calvert, as the legal representative of his said father George Calvert, deceased, and whereas the said parties have mutually agreed that all the differences between them and among them, and all said claims as aforesaid, shall be left to the friendly arbitrament and decision, according to the principles of law and equity, of persons mutually to be chosen by them, in order to avoid all and every litigation in court, among the members of the same family, and whereas the said parties have mutually agreed to refer and submit all said matters to the decision and arbitra-

ment of Richard S. Coxe and Joseph H. Bradley," with power in case of disagreement to select an umpire, proceeds to state that the said arbitrators took upon themselves the burthen of said arbitration, gave due notice to the parties to show and present their several and respective claims, demands and pretensions, with the vouchers and proofs in support thereof, and received the same from said parties, appointed George M. Bibb the umpire, duly considered and deliberated up said claims and proofs, and award as follows.

"We do find that at the death of the said George Calvert, that is to say, on the 28th day of January 1838, the said George Calvert was indebted to Rosalie Carter wife of said Charles H. Carter, and daughter of said George Calvert, in the aggregate gross sum of $8039.51. That the said George Calvert was also at the period last aforesaid, indebted to Julia Steuart, wife of said R. H. Steuart, and daughter of said George Calvert, in the aggregate gross sum of $7426.69. We further find that payments to a considerable amount have been made by the said Charles B. Calvert to the said Charles H. Carter and R. H. Steuart, respectively, on account of the said several and respective sums of $8039.51 and $7426.69, since the death of the said George Calvert, for which he is entitled to credit thereon. We do therefore award and adjudge that a fair account be taken between the said parties, of the balance due, if any, on account of the said respective sums of money, so as aforesaid due by the said George Calvert, at the time of his death, and that the same be paid forthwith to the said Charles H. and R. H., respectively."

As the decision of this court is *expressly confined* to matter apparent *upon the face* of this award, it is not necessary to give a more extended statement of the various other points arising in the case, and discussed in argument by counsel, and for the same reason the report of the arguments will be confined to the only point decided by this court. A more full statement of the allegations of the bill and answer and of the facts of the case, will be found in 4 *Md. Ch. Dec.*, 199, where the opinion of the Chancellor (Johnson,) is reported in

18      v.6

full.  The following is the only portion of that opinion which need be inserted here, being that part of it which relates to the point decided by the Court of Appeals.

"There is, moreover, another objection to this award, which may be and has been taken in this case, and which in my judgment, is insuperable.  The objection is not that the arbitrators proceeded irregularly or improperly in not giving notice to the parties of the times and places of their meeting, which perhaps, though a ground for setting aside the award in a proper proceeding for the purpose, does not render it void.  *Watson on Awards,* 119, 120.  The objection referred to is, that the award does not make a final end and determination of all the matters submitted, and is therefore not binding upon the parties.

"The arbitrators first find that at the death of George Calvert, on the 28th of January 1838, there was due from him to Rosalie Carter, wife of Charles H. Carter, the aggregate gross sum of $8039.51, and to Julia Steuart, wife of R. H. Steuart, the gross sum of $7426.69; and they further find 'that payments to a considerable amount have been made by the said Charles B. Calvert to the said Charles H. Carter and R. H. Steuart, respectively, on account of the several and respective sums of $8039.51 and $7426.69 since the death of the said George Calvert, for which he is entitled to a credit thereon.'  And they further award 'that a fair account be taken between the said parties of the balance due, if any, on account of the said respective sums of money so as aforesaid due by the said George Calvert at the time of his death, and that the same be paid forthwith to the said Charles H. and R. H. respectively.'

"The amount therefore to be paid by Charles B. Calvert was to depend upon the result of an account to be taken thereafter; by whom, and within what time and upon what principles, is not stated.  But a reservation of a future power by the arbitrators in their award, if it affect the whole of the award, will render the award totally void.  This is the case even if the reserved power is to be exercised by the arbitrators

themselves, as is conclusively shown in the cases referred to in *Watson on Awards*, 104 to 108, because the award itself should close up all the matters submitted, leaving nothing open to be settled by matter subsequent. This award, however, is more obnoxious to objection because it does not appear by whom the account is to be taken, nor within what time nor upon what principle. In fact the great object of the parties, which was to ascertain the amount due by a friendly reference of the matters in difference between them to mutual friends, is defeated, if, notwithstanding the award, an account is to be taken. It is no answer, as it seems to me, to say that there was no dispute in fact between the parties in regard to the payments made by Mr. Charles B. Calvert to his brothers-in-law after the death of his father. That does not appear on the face of the award itself, nor by reference to any documents or schedule appended to it, or in any way made a part of it. If the award had referred to the paper marked C. B. C., No. 4, and had directed the payments therein mentioned to be credited against the sum awarded, so that the result would have depended upon a mere arithmetical calculation, the case might have been different, because that perhaps would have been reserving a mere ministerial, and not a judicial question, and thus brought it within that class of cases referred to in *Watson on Awards*, 105, 106. But to take an account was certainly not to perform a mere ministerial act. It was, in fact, the very thing the arbitrators themselves were to do, and which the parties to the submission preferred to have done by them, than by a resort to the ordinary judicial tribunals.

"This is an objection which I think is fatal to the award, renders it totally void, and which consequently removes it from the way of the plaintiff in this case."

The exhibit C. B. C., No. 4, referred to in the above opinion of the chancellor, is a statement of payments made by Charles B. Calvert, as executor of George Calvert, to the complainant and his wife. From the order of the chancellor referring the cause to the auditor to state an account in accordance with

the principles of his decision, the defendants, Charles B. Calvert and George H. Calvert, appealed.

The cause was argued before Le Grand, C. J., Eccleston, Mason and Tuck, J.

J. *Shaff Stockett* and *Thos. S. Alexander* for the appellants.

The only objection taken to the award for insufficiency on its face, is to those parts of it wherein the arbitrators find that payments, to a considerable amount, have been made by Charles B. Calvert to complainant on account of the sum of $8039.51 since the death of George Calvert, for which he is entitled to credit thereon, and therefore award that a fair account be taken between the parties of the balance due, if any, on account of said sum due by George Calvert at the time of his death, and that the same be forthwith paid to the complainant. We say that the matter referred was the claim of complainant against George Calvert, deceased. It is not shown, nor is it alleged, that any difference had arisen between the parties in regard to payments made, or alleged to have been made, by Charles B. Calvert after the death of George Calvert. On the contrary it is shown that these payments were admitted, and that the balance payable under the award was to be ascertained by an arithmetical calculation, discounting the admitted credits from the sum awarded to have been due from George Calvert at the time of his death, with proper rests and allowances for interest. The delegation of authority to make this account is simply ministerial, clerical, a mere matter of arithmetic. The case of *Cargey vs. Aitcheson*, 3 *Dow. & Ry.*, 433, is precisely similar to this. See also 59 *Law Lib.*, 112, 125, 128. 5 *Md. Rep.*, 354, *Ebert vs. Ebert*. 10 *Mees. & Wels.*, 660, *Round vs. Hatton.* 12 *Do.*, 792, *Perry vs. Mitchell.* 2 *Do.*, 495, *Plummer vs. Lee.* 16 *Do.*, 269, *Rees vs. Waters.* 6 *Taunt.*, 251, *Wohlenburg vs. Lageman.* 4 *Excheq. Rep.*, 809, *Miller vs. De Burgh.* Hardres, 43, *Hunter vs. Rennison.* 8 *Pet.*, 166, *Lutz vs. Linthicum.* 2 *Johns.*, 57, *McKinstry vs. Solomons.* 2 *H. & G.*, 68, *Archer*

Calvert *vs.* Carter.

*vs. Williamson.* 2 *Hill,* 75, *Case vs. Ferris.* 4 *Dev. & Bat.,* 182, *Carter vs. Sams.* 6 *Bing. N. C.,* 118, *Brown vs. Watson.* 1 *Swanst.,* 52, *Wood vs. Griffith.*

*J. M. Campbell* for the appellee.

The award is clearly not final. The payments made by Charles B. Calvert to Mr. Carter after his wife's death were before the arbitrators. The very object of the reference was to close all accounts between the parties. What did the award do with these payments? Does it direct that all the items in exhibit C. B. C., No. 4, shall be credited? Nothing of the sort. It simply says that payments to a considerable amount have been made by Charles B. Calvert to Charles H. Carter, on account of the sum of $8039.51, for which he is entitled to credit thereon. But it does not say what these payments are, or what they amount to, and therefore does not make an end of the matter as it should have done. It says an account shall be taken of the amount due, *if any.* This was the very thing the arbitrators were selected to ascertain— the very *duty* imposed upon them. Hence the award is not *final* and *certain.* 6 *Grattan,* 383, *Cauthorn vs. Courtney.* 41 *Eng. C. L. Rep.,* 462, *Hewitt vs. Hewitt. Russell on Arbitrations,* 253, 279. 12 *Wend.,* 380, *Waite vs. Barry.* 2 *H. & G.,* 68, *Archer vs. Williamson.* 3 *Gill,* 50, *Bullitt vs. Musgrave.*

ECCLESTON, J., delivered the opinion of this court.

We consider it unnecessary to express any opinion in relation to the question, whether the arbitrators exceeded their authority, by including in their award matters which are said to be connected with what is called the *"paternal succession;"* because we fully concur with the chancellor in the opinion, that want of certainty in the award "removes it from the way of the plaintiff in this case." In addition to what has been so well said by the chancellor on this point, see 12 *Wend.,* 380, *Waite vs. Barry.* 1 *Adol. & Ellis, (N. S.,)* 110, in 41 *Eng. C. L. Rep.,* 460, *Hewitt vs. Hewitt.* 6 *Grattan,* 381, *Cauthorn vs. Courtney.*

We affirm the decree of the chancellor, with costs to the appellee, and the cause will be sent to the circuit court for Prince Georges county for further proceedings. For which purpose a decree will be signed in accordance with this decision.

*Decree affirmed and cause remanded.*