Owen *v.* Boerum.

[KINGS GENERAL TERM, October 14, 1856. *Brown, S. B. Strong* and *Emott,* Justices.]

---

## OWEN *vs.* BOERUM.

Where a submission to arbitration recited that a controversy existed, in relation to the settlement of the accounts between the parties, and *the claims of each upon the other*, and the parties submitted " the said controversy and claims " to arbitrators; *Held* that this embraced claims for damages sustained in consequence of an alleged wrongful dispossession of a party from demised premises, and the tortious conversion of personal property; where it appeared that those claims, as well as claims upon the accounts between the parties, grew out of a written agreement respecting the occupation of a grapery and greenhouses, and the cultivation of the plants, &c. therein.

Where there was no proof that an award was not made within the time fixed by the submission, except that it bore date the day after the time fixed, and that it was not delivered until the day it was dated; *Held* that this was not sufficient to show that the award was not ready on the day appointed; it not appearing that it had been called for before it was delivered.

Until the contrary affirmatively appears, it will be presumed that the arbitrators performed their duty, and had the award ready within the time fixed. The mere date, at the end of the paper, is not enough to establish the contrary.

An award which leaves nothing to be done, to dispose of the whole matter in controversy, except mere ministerial acts, is sufficiently certain and final.

An award need not be under seal, unless the submission requires it to be so. The mere fact that the submission is under seal, does not make it necessary to affix seals to the award.

Owen *v.* Boerum.

Nothing which does not appear upon the face of an award can be pleaded or proved against it, in an action at law.

Not even fraud or corruption can be set up against an award. The party averring it must bring his suit, or in some proper way assert his claim to have the award set aside.

Where parties submit to arbitration all their demands against each other, it is no objection to the validity of the award, that any particular subject thus submitted was not laid before the arbitrators. Nor will the omission to lay such subject before the arbitrators prevent the award from being a bar to a suit brought to recover the amount of the omitted item.

MOTION for a new trial, upon a case. The complaint alleged that on the 20th of November, 1850, the defendant let and demised to the plaintiff, for the term of two years, a certain grapery and hot-houses, with their contents, belonging to the defendant, at Flushing, upon certain terms and conditions particularly specified in a written agreement between the parties, of the date above mentioned. The plaintiff alleged that he entered into possession of the demised premises at the date of the agreement, and continued in the possession thereof until he was wrongfully dispossessed by the defendant; and that he had faithfully performed the said agreement, on his part. But that the defendant, on or about the 25th day of August, 1852, without just cause or legal right so to do, evicted and expelled the plaintiff from the demised premises, and wrongfully and illegally took and converted to his own use the shrubs and plants of the plaintiff, worth the sum of $275, and a valuable crop of grapes upon the vines in the grapery, the plaintiff's share of the net proceeds of which was worth the sum of $450. The plaintiff alleged a demand and refusal of the shrubs and plants, and claimed that he had sustained loss and damage by reason of the illegal and wrongful act of the defendant in dispossessing him of the demised premises, and depriving him of his shrubs and plants to the amount of $250. And he demanded judgment that he should recover of the defendant the said sum of $975 for his damages by him sustained by reason of the illegal and wrongful act of the defendant, besides costs, &c. The defendant, by his answer, admitted that the parties entered into a written agreement on the 20th of November, 1850, relative to working and cultivating

the land, fruit, plants and flowers therein mentioned, which agreement was set out *in hæc verba.* He denied that he wrongfully dispossessed the plaintiff; or that the plaintiff faithfully performed the agreement on his part; or that the defendant wrongfully and illegally converted to his own use the plaintiff's shrubs and plants; or that the plaintiff had any shrubs and plants upon the premises. He alleged that the plaintiff failed to comply with said agreement, on his part; specifying various particulars; and that in consequence of such breaches and wrongful acts of the plaintiff he, the defendant, did, some time in August, 1850, notify the plaintiff to quit possession of the premises and surrender the same to the defendant, which he did. He alleged that the grapes on the vines, at the time he resumed possession, were not worth $200; and that by the negligence and misconduct of the plaintiff in managing and working the premises, the same had been injured and deteriorated and depreciated in value to the amount of not less than $1000; that the amount of money for which the plaintiff, while in possession, sold the produce of the premises and retained the proceeds, was not less than $1000, one half of which belonged to the defendant; and that the plaintiff was further indebted to him in the sum of $250 for pots, plants, shrubs, flower roots, &c. taken and carried away by the plaintiff. And for a further answer, the defendant alleged, that after the defendant so resumed possession of the premises, and after the plaintiff's alleged cause of action accrued, to wit, on the 15th day of September, 1852, the plaintiff and defendant, by mutual bonds, on that day dated and executed by the parties, submitted themselves to the arbitration of, and engaged in all things well and truly to stand to, obey, abide, perform, fulfill and keep the award, order, arbitrament, final end and determination of Charles A. Hamilton, William W. Valk and William Areson, arbitrators, indifferently chosen, elected and named, as well by and on behalf of the said plaintiff as the said defendant, to arbitrate, award, order, judge and determine of and concerning the controversy, claims and accounts between the said parties. And the defendant averred that said submission to arbitration embraced the alleged

cause of action for which this suit is now brought. And that in pursuance of said submission the said arbitrators, after taking upon themselves the burden of said arbitration, and having duly considered the subject matters submitted to them by said bond, did make and publish their award and final decision in the premises, on or about the 22d day of September, 1852, as by the said award in writing, under the hands of said arbitrators, would more fully appear, of which said award the plaintiff had notice; and the defendant referred to said written award for greater certainty. And he claimed judgment against the plaintiff for the sum of $750, for the money so as aforesaid due to the defendant from the plaintiff, and for his damages as aforesaid, suffered at the hands of the plaintiff.

The plaintiff put in a reply, denying the allegations in the answer. At the trial, after the plaintiff had rested his case, the counsel for the defendant produced and offered in evidence the following paper:

"*Know all men by these presents,* that whereas a controversy exists at this present time between Jacob B. Boerum, of the town of Flushing, county of Queens, and state of New York, and Cadwallader Owen, of the town, county and state aforesaid, in relation to the settlement of the accounts between the said parties, and the claims of each upon the other; now, therefore, we, the aforesaid Jacob B. Boerum and Cadwallader Owen, do hereby agree to submit the said controversy and claims to the decision and final determination of Charles A. Hamilton, William W. Valk and William Areson, of the town, county and state aforesaid, as sole referees in this behalf; and we do mutually covenant and agree to and with each other, that we will abide by, keep and faithfully perform in all things, the award to be made by the said referees, the said award to be made and ready for delivery, by the said referees, to the said parties in difference, or either of them as shall desire the same, on or before the 22d day of the present month; and further, that each of us, the parties signing this bond of reference, are bound to the other in the penal sum of five hundred dollars, good and lawful money of the United States, to obey, perform, keep and

truly stand to the award and final determination of the referees aforesaid. Flushing, September 15, 1852.

(Signed,)        CADWALLADER OWEN. [L. S.]

JACOB B. BOERUM." [L. S.]

The counsel for the plaintiff objected to the same on the following ground, as irrelevant: That it related to matters of account only, and did not embrace the present cause of action. The court overruled the objection, and the counsel for the plaintiff excepted. Said paper was read in evidence. William W. Valk, called and sworn for the defendant, testified as follows: "I was one of the arbitrators named in the submission; the paper shown me is signed by the three arbitrators; I delivered it to Mr. Owen, who came to my office, asked for, and got it." Thereupon the counsel for the defendant offered said paper in evidence, which was in the words and figures following, viz:

" *To all to whom these presents may come :* We, Charles A. Hamilton, William W. Valk and William Areson, of Flushing, L. I., send greeting: Whereas a certain controversy has existed, and does now exist, between Jacob B. Boerum and Cadwallader Owen, both of Flushing, and whereas the said controversy and matters in dispute between the parties have been submitted to us as referees, as does more fully appear by their submission in writing, dated September 15, 1852: Now, therefore, know ye, that we, the said referees mentioned in the said submission, having heard the allegations of the parties, and examined their accounts, books and vouchers relating to the matter in dispute, do make this award, that is to say: The said Jacob B. Boerum shall pay, or cause to be paid, to the said Cadwallader Owen, the sum of one hundred dollars, within thirty days from the date hereof, in full payment, discharge and satisfaction of all claims and demands whatsoever, growing out of or connected with the matters herein decided, and mentioned in the aforesaid submission. And we further award and decree, that all the plants claimed by Jacob B. Boerum, as per list in old book, marked A No. 1, and all the plants claimed by Cadwallader Owen, as per list in old book, marked B. No. 2, be given up to the said parties claiming them, or in case of loss, to be made

good in kind or value, the said plants to be selected by Messrs. Con and Silliman, out of the stock of plants now at Jacob B. Boerum's residence, as per list taken of the same by Messrs. Valk and Areson, on the 27th of August last, and the remainder of the plants, after the above selection, to be equally divided between Jacob B. Boerum and Cadwallader Owen, by the same parties.   And we do further award that the bill marked C No. 3, be collected by Cadwallader Owen for his own benefit and use, and that any loss on the said bill be his exclusively; and we do further decree, that by this award, now made by us in good faith, each of the said parties who have submitted their grievances to us, is released of all demands, claims, controversies, damages and accounts whatsoever connected with, or relating to, or concerning the aforesaid matter and things in controversy and dispute.

In witness whereof, we have hereunto subscribed our names, this 23d day of September, in the year 1853.

(Signed,)                        WM. W. VALK.
                                 WM. J. ARESON.
                                 CHAS. A. HAMILTON."

Flushing, L. I., Sept. 23d, 1852.

The counsel for the plaintiff objected to the evidence on the following grounds : 1st. That it purported to have been made subsequent to the time within which it was required by the submission to be made and ready for delivery. 2d. That it was not under seal; whereas the submission was under seal. 3d. That it was not final.   The court overruled the objection, and admitted the evidence; to which ruling of the court, as to each point of objection, the counsel for the plaintiff excepted.

One of the arbitrators was sworn, as a witness, and testified that the arbitrators went into an examination of the accounts of the parties as presented by them, and found Owen indebted to Boerum in the sum of $30 ; that they then took up the subject of grapes; that by agreement two of the arbitrators visited and estimated the grapes; that the parties themselves produced lists of the plants belonging to each of them, and the arbitrators acted upon those lists, which were not disputed, at

the time. The witness was asked, "Were you ever present at any meeting of the arbitrators, when testimony was taken as to the amount and value of grapes in the grapery?" The counsel for the defendant objected to the question. The court sustained the objection, and excluded the testimony; to which decision the counsel for the plaintiff excepted. Question by counsel for the plaintiff: "Were you ever present at any meeting of the arbitrators at which any testimony was taken as to the amount of plants belonging to the parties respectively, or their value?" The counsel for the defendant also objected to this question; the court sustained the objection, and the counsel for the plaintiff excepted. Question by the counsel for the plaintiff: "Was there ever evidence taken, or statement of the parties mutually assented to introduced, or personal inspection of the subject matter of the controversy had at any meeting of the arbitrators?" The counsel for the defendant objected to the question; the court sustained the objection and excluded the question, and the counsel for the plaintiff again excepted.

The court directed a verdict to be rendered for the defendant; and the jury rendered a verdict accordingly.

*Willard & Anderson,* for the plaintiff. I. The submission embraced only matters of account, and, therefore, did not include the present right of action. The admission of the award in evidence was error.

II. The award bears date after the day on which it was required to be made, and there is no evidence that the parties waived this defect; the court, therefore, erred in admitting the award in evidence.

III. Inasmuch as the submission was under seal, the award should have been under seal.

IV. The award was not final, inasmuch as there remained a duty to be performed by persons named by the arbitrators, in its nature judicial. (*Waite* v. *Barry,* 12 *Wend.* 377. *Cockson* v. *Ogle, Lutw.* 169. *Kyd on Awards,* 127.

V. The court erred in excluding the evidence offered on the part of the plaintiff, the effect of which was to show that no arbi-

Owen v. Bocrum.

tration had in fact taken place. (*Peters* v. *Newkirk*, 6 *Cowen*, 103. *De Long* v. *Stanton*, 9 *John*. 38.)

*John G. Lamberson*, for the defendant. I. The objection that the submission related to matter of account only, was not well taken. (1.) The submission recites, " that a controversy exists in relation to the settlement of the accounts between the parties *and the claims of each upon the other*." This language can only be construed to intend a submission of all matters in difference between the parties. The rule of law being, that submissions are to be construed and expounded according to their signification in common parlance. Thus, a submission of all demands extends to real as well as personal property. (*Munro* v. *Alaire*, 2 *Caines*, 320. *De Long* v. *Stanton*, 9 *John*. 38. *Fidler* v. *Cooper*, 19 *Wend*. 285. *Emmet* v. *Hoyt*, 17 *id*. 410.) The evidence and allegations introduced before the arbitrators, show conclusively that the subject matters of this action, and only those, were intended to be settled between the parties.

II. The objections to the award were not well taken. (1.) It does not appear in any manner, even by implication, that the award was not made up and ready for delivery within the time required by the submission. All that appears in relation to the matter is, that it was not called for until probably the 23d of September; that it had been ready to deliver on demand, and was in the hands of one of the arbitrators, who dated it and handed it to the plaintiff when demanded; thus all the requisites as to time were complied with. (*Perkins* v. *Wing*, 10 *John*. 143.) (2.) The submission did not call for or require an award under seal; nor would a seal under any circumstances be of any force to give vitality to an award. (*Stanton* v. *Henry*, 11 *John*. 133.) (3.) The award is certain and final, in accordance with the whole line of decisions upon those points. (2 *John*. 57. 13 *id*. 27. 5 *Wend*. 268. 1 *Caines*, 304. 14 *John*. 96.) An award referring to certain extrinsic circumstances is sufficiently certain. (5 *Wend*. 14. 13 *John*. 27.) Award is sufficient, if it leaves a ministerial act to be done or

calculation to be made. (*Waite* v. *Barry,* 12 *Wend.* 377. *Case* v. *Ferris,* 2 *Hill,* 75. 1 *id.* 489.) (4.) The award is a bar to the action. (11 *John.* 189.)

III. The questions propounded by the plaintiff's counsel at the trial and overruled by the court, were incompetent and inadmissible. (1.) The witness being called by the plaintiff, and having testified directly upon the same points referred to by the questions, the questions were each and all in the nature of a cross-examination of his own witness. (2.) They were inadmissible as tending to impeach the award. The testimony of an arbitrator is inadmissible to impeach his award. (2 *John.* 399. 17 *id.* 405. 5 *Cowen,* 383.) An award made in good faith is conclusive. Neither party is permitted to prove that arbitrators decided wrong either as to law or fact. (*Winship* v. *Jewett,* 1 *Barb. Ch.* 173.)

*By the Court,* EMOTT, J. There is no sufficient objection to the award on which the judge directed the verdict for the defendant. The submission embraced the settlement not only of the accounts between the parties, but of all claims of each upon the other. The disputes between them at that time, as far as we can see, all grew out of their agreement in respect to the green houses and the cultivation of the plants which are the subject of the present suit. From this resulted finally claims as to the ownership of the plants &c., which might be regarded in different aspects, either as claims for accounts of the value or the proceeds of the property, or as a charge of a tortious conversion. It would be doing violence to the settled rules of construction in such cases, and to the benign and favorable interpretation of such instruments which the courts have always adopted, to hold that either kind of claims or demands, or a right of action which might be brought in either form, did not come within the terms of this submission.

There is no proof that either of the parties desired the award before the day of its date, or of any demand upon the arbitrators on the day set in the submission for making the award. There is no proof upon the subject, on either side, ex-

cept that it was delivered when it was called for, and that it bears date on the 23d September, the day after the time set in the assignment for the award to be ready for either party who should demand it. ˙ This is not sufficient to show that the award was not ready on that day. When it was called for it was ready, and if this was not a literal compliance with the submission, it will at any rate be presumed, until the contrary is affirmatively shown, that the arbitrators performed their duty and had the award ready within the time set. The mere date at the end of the paper is not enough to establish the contrary.

Nor is there any objection to the finality of the award. It leaves nothing to be done to dispose of the whole matter in controversy except mere ministerial acts, and that has been repeatedly held no objection to an award. (12 *Wend.* 377. 2 *Hill,* 75.) It was claimed that because the submission was by a sealed instrument, the award must also be under seal; but this is not the rule. A seal is not requisite in such cases, unless the submission stipulates for that. Whatever forms are required by the terms of the submission must be observed, but there is no connection between the submission and the award that would make it necessary that one should be under seal because the other was.

The evidence offered, to impeach the award, was also rightly rejected. Even fraud or corruption cannot, according to the better opinion, be set up against an award, in an action at law. The party averring it must bring his suit or in some proper way assert his claim to have the award set aside. (5 *Wend.* 518.) Certainly nothing else not appearing on the face of the award can be pleaded or proved against it. (12 *Wend.* 158.)

And the evidence which the defendant offered, so far from proving corruption or partiality, would have shown, if any thing, that the particular matters referred to were not considered or examined or brought before the arbitrators at all. This is clearly immaterial. If the submission included these subjects it is of no consequence to the validity of the award that any particular subject to which it extended was not laid before the

arbitrators. · (*Wheeler* v. *Van Houten*, 12 *John.* 311. *Fidler* v. *Cooper*, 19 *Wend.* 285.)

After a party has agreed to submit all his claims upon another to a domestic tribunal of their own choosing it would be exceedingly unjust to allow him to remove a portion of his demands and make them the matter of a subsequent suit. The only question is whether the demands were within the jurisdiction of the arbitrators. If the parties placed them there they must take the consequences if they do not invoke the exercise of all the powers of their umpires, or bring to their notice all the subjects which they are appointed to finally determine.

No errors were committed at the trial, and the motion for a new trial must be denied with costs.

[KINGS GENERAL TERM, October 14, 1856. *Brown* and *Emott*, Justices. ROCKWELL, J. died after the argument, and before the decison.]