JOHN W. FLETCHER *vs.* JOSHUA WEBSTER.

An award is not valid which provides for the payment, by one of the parties to the submission, of a certain sum, after making deductions therefrom of sums not fixed by or capable of being ascertained from the award.

CONTRACT to recover the sum of $1550 for building a house for the defendant under a special agreement.

The case came on to be heard in the superior court, before *Lord,* J., upon an order for a new trial, after a verdict for the plaintiff, which limited the inquiry to one issue raised by the defendant's answer, to wit, whether there had been a submission by the parties of all claims and controversies growing out of the original contract, and a valid and binding award. The arbitrator in his award decided as follows :

" That to complete the house mentioned in said contract and the specifications connected therewith is worth and will cost six hundred and twelve dollars and fifty cents ; and that said Webster shall be allowed that sum out of the contract price, additional to the amount already paid by said Webster to said Fletcher, and in addition to any sum or sums of money he may be obliged to pay to discharge any and all liens on said house and the lot on which it stands, and also that said Webster shall take the house as it now is, and shall pay to said Fletcher the excess, if any there shall be, of the contract price over the said sum of six hundred and twelve dollars and fifty cents, the amount of the liens and cost thereon, and the sum already paid by said Webster to said Fletcher on said contract.

" And if the sum already paid, and the amount of lien claims and costs thereon, and the sum of six hundred and twelve

dollars and fifty cents, shall be more than the contract price, said Fletcher shall pay the difference to said Webster."

The judge held that, upon a true construction of the order for a new trial, it was incumbent on the defendant to prove a valid submission and award, which would be sufficient to be pleaded in bar of the plaintiff's action; that the defendant's answer did not show such a valid submission and award; and if the facts therein stated in respect thereto were true, they would not be sufficient to bar the plaintiff's action.

A verdict was accordingly returned for the plaintiff, and the defendant alleged exceptions.

*S. H. Phillips*, for the defendant.

*W. C. Endicott*, for the plaintiff.

METCALF, J. There are various objections to the award which it is not necessary that the court should consider; for we are of opinion that it is fatally defective in not being certain and final.

The sum which the award requires the defendant to pay to the plaintiff, as the excess, if any, of the contract price over the sum of $612.50, &c., and also the sum which the award requires the plaintiff to pay to the defendant, if the sum already paid, and the amount of lien claims and costs, and the aforesaid sum of $612.50 shall be more than the contract price, are both entirely uncertain, and cannot be made certain by any means afforded by the award.

In the case of *Waite* v. *Barry*, 12 Wend. 377, arbitrators awarded that A. should pay to B. a certain proportion of a prize drawn in a lottery, after deducting the usual percentage, with the amount already paid. The court decided that as nothing appeared on the award showing the amount that had been already paid, or from which it could be ascertained by calculation, the award was bad for want of certainty, and for not making a final disposition of the matters submitted. "It is essential to the validity of an award," said Sutherland, J., "that it should make a final disposition of the matters embraced in the submission, so that they may not become the subject or occasion of future litigation between the parties. It is not

indispensable that the award should state in words or figures the precise amount to be paid. If nothing remain to be done, in order to render it certain and final, but a mere ministerial act or an arithmetical calculation, it will be good. But no means whatever are afforded by the award, either by reference or otherwise, of determining the amount which may already have been paid by the defendant. If it is disputed, it can be ascertained only by a regular litigation. From the nature of the case, conclusive evidence upon this matter, of which the court can judicially take notice, cannot exist. The award, therefore, does not terminate the controversy between the parties."

We think the decision in that case was right; and as we cannot distinguish the present case from that, in principle, we must hold that the award is not a bar to this action, being of no legal validity. *Exceptions overruled.*