Robertson, Ch. J.
There were two distinct causes of action set out in the complaint, in this case; one for breach of the covenant in the original agreement to pay the damages for the injury to the articles leased, and the other for not performing the award, and there was some evidence to sustain the former. Unless there was a valid award under the covenant to submit to arbitration, the plaintiff could not lose his right of action under such first covenant. It was error, therefore, to instruct the jury that “ their verdict must be for the-defendant,” if they found from the evidence “ otherwise” than that notice of the appraisement was given to the defendant, and that the arbitrator, in estimating the damage to the house and furniture, included only injury to it over and above the reasonable use and wear thereof. And that' “ the plaintiff could not recover,” if the arbitrator, in estimating the damages, included more than the excess of such injury, beyond such use and wear. To both of which instructions, the plaintiff excepted. It is evident that the learned judge who gave the instructions, either ignored the existence of a claim beyond the award, or that by the making of the award, although void, he lost such claim.
I think, also, there was error in submitting the question of notice of the appraisement to the jury, and instructing them to find for the defendant in case they found there was no such notice given. No such question was made by the pleadings. *193 The answer did not set it up, and the complaint only alleged the making of an award in writing after a due and proper examination of the premises in question, and the answer took issue both upon the making of such award and such examination, but on them only. Prima facie, every decision of an arbitrator, upon any question submitted to him, is binding, and at common law is conclusively so. (Owen v. Boerum, 23 Barb. 187.) Any partiality, unfairness or misbehavior, on his part, is only a matter of relief in a court of equity, where the specific acts of misconduct must be set up. And although such acts may form the subject of an equitable defense, such a right will not render it unnecessary to set up such acts by way of defense, specifically. Besides, a want of proper notice to either party is only a matter to be taken advantage of by him who is so neglected; and which he may waive. (9 Loud, 691.) As to him, the award is voidable only, and not void. It is only void for errors on its face at common law, as in case of exercise of other common law powers. The plaintiff could not tell, in this case, until the trial, whether the defendant meant to rely on the award as a bar to an action on the covenant to pay for injuries, or to avoid the award for want of, notice.
But, in fact, there was no conflict of evidence as to notice. After the parties had agreed upon the day of meeting, the arbitrator testified that he wrote to the defendant proposing a later hour than one previously proposed by the latter, delivered the letter containing such proposition to the latter, who read it, and assented to the time, saying he would be on hand. The only evidence to combat this is the defendant’s testimony, that he had no recollection of an appointment made, except in his first proposal, or belief in any subsequent appointment of one. He admitted the receipt of such a letter, but had no recollection of answering it. The subsequent answer, to a question by the court, that he did not agree upon any time, was evidently founded, not upon recollection that he did not make any, but upon want of recollection that he did. There was, therefore, no conflict of evidence to be submitted to the jury. Informal *194 notice of an informal appointment was all that was to be expected, and the positive testimony of the arbitrator is not to he weighed with the want of recollection of the defendant.
Eor these reasons, I concur in thinking the judgment, and order denying a new trial, should be reversed, with costs.
Moncrief, J. also concurred.
Judgment reversed.