68 U.S. 637 (1863)
1 Wall. 637
BEAVER
v.
TAYLOR.
Supreme Court of United States.

*641 Mr. Grimshaw, for the plaintiff in error; Mr. Trumbull, contra.
Mr. Justice SWAYNE (stating the facts) delivered the opinion of the court.
Under the first section of the Statute of Limitations of the State of Illinois, of the 2d of March, 1839, it was necessary for the defendants to show actual possession of the premises for seven successive years; the payment of all taxes for seven successive years; and that the possession was under "claim and color of title made in good faith." Under this section, the period of limitation begins with the possession.[*]
A void deed taken in good faith is a sufficient color of title.[] It is not necessary that each year's taxes should have been paid within the year. The taxes "for one year may be paid in another of the seven years."[]
Under the second section, the defendant must show the payment of the taxes for seven successive years; that the land was "vacant and unoccupied" during that time, and that he had, during the same time, "color of title made in good faith." Under this section the bar begins with the first payment of taxes after the party has acquired color of title. Payment of taxes without color of title is unavailing.[§]
*642 2. As respects the evidence admitted and excepted to.
In connection with the proof of Gilbert's agency in paying the taxes, it was clearly proper to allow the receipts to go in evidence to the jury. His agency could be proved by evidence aliunde. Such testimony was admissible upon the plainest principles of the law of evidence. The jury were the judges of its weight.
The letters and account stand upon a different footing, and their competency is not so free from doubt; but after the fullest consideration, we are all of opinion that there was no error in admitting them. It was proper for the agent to transmit the receipts to his principals. What was said and done in that connection was a part of the res gest. The contents of the accompanying letters relative to the receipts are within the rule upon that subject. The entries in the books of Taylor & Davis, after the receipts came to hand showing their action, were admissible for the same reasons. Both the letters and entries belong to the same category with what are called "verbal facts," and neither fall within the rule which excludes "res inter alios acta,"  hearsay and declarations made by the party offering them in evidence. The principal fact was the transmission of the receipts. The other facts so illustrate and characterize it, as to constitute the whole one transaction, and render the latter necessary to exhibit the former in its true light and give it its proper effect.
It is, perhaps, not possible to lay down any general rule as to what is a part of the res gest which will be decisive of the question in every case in which it may be presented by the ever-varying phases of human affairs. The judicial mind will always be compelled frequently to apply the general principle and deduce the proper conclusion. The circumstances to which we have just adverted furnish the tests by the light of which the question, whenever it arises, must receive its solution.[*]
*643 3. After the evidence was closed, the plaintiff's counsel submitted numerous prayers for instructions to the jury. The learned judge refused to give them, but submitted the facts with instructions according to his own views. This was proper, provided the instructions given were correct.[*] We find nothing in these instructions which calls for remark, except what related to the second section of the statute. [His honor here repeated this portion of the instructions, as already given.] In regard to these there is a material difference between the instructions refused and those given. The former directed the attention of the jury particularly to the proposition, that, as regards this section, the statute did not begin to run until the first payment of taxes was made, and that seven years must have elapsed after that time to render the bar complete; while the latter overlooked this point, and made no distinction between the payment of taxes under this section and the preceding one. The language, he "must pay all taxes levied on the land for seven successive years," is substantially the same with that used by the learned judge in regard to the first section. Under that section, as we have shown, the bar begins with the time of the possession, and the taxes for the seven years "may be paid in one year for another." This was an error.
But it is said that the bar was complete under the first section, and that what was said as to the second section was needless, and in the nature of an abstract proposition. We cannot so regard it. The bill of exceptions purports to contain all the evidence. The action was commenced on the 17th of July, 1854. To raise a bar under the second section, the first payment of taxes must have been made as early as the 17th July, 1847. There is no proof of any payment earlier than that referred to in the first letter of Gilbert. That letter bears date on the 10th of March, 1848, and shows *644 the payment to have been made prior to that time. How much earlier it was made does not appear. It is clear that so far as this section is concerned the plaintiff was entitled to recover, and the court should have so instructed the jury. The defence rested wholly upon the first section.
Under that section, as before remarked, there must be possession for seven years prior to the commencement of the suit. The first payment of taxes may be later than the beginning of that period. As the jury were instructed, they may not have been satisfied as to the requisite possession under the first section, and have found for the defendants under the second section, upon the ground that the taxes had been paid for seven successive years, although the first payment was made later than seven years before the action was commenced.
The law, as to instructions outside of the facts of the case, or involving abstract propositions, is well settled. If they may have misled the jury to the injury of the party against whom their verdict is given, the error is fatal.[*]
The judgment below is reversed, and a
VENIRE DE NOVO AWARDED.
NOTES
[*] Hinchman v. Whetstone, 23 Illinois, 185.
[] Id., 187; Goewey v. Urig, 18 Id., 242; Woodward v. Blanchard, 16 Id., 424; McClellan v. Kellogg, 17 Id., 501; Wright v. Mattison, 18 Howard, 50
[] Hinchman v. Whetsone, 23 Illinois, 187.
[§] Stearns v. Gittings, 23 Id., 390.
[*] Bruce v. Hurly, 1 Starkie, 20; Murray v. Bethune, 1 Wendell, 196; Cox v. Gordon, 2 Devereux, 522; Enos v. Tuttle, 3 Connecticut, 250; Allen v. Duncan, 11 Pickering, 309; B. & W.R.R. Corp. v. Dana, 1 Gray, 83; Lund v. Tyngshorough, 9 Cushing, 36; Sessions v. Little, 9 New Hampshire, 271; Thorndike v. Boston, 1 Metcalf, 242; Mitchell v. Planters' Bank, 8 Humphrey, 216; Robertson v. Smith, 18 Alabama, 220; Clealand v. Huey, Id., 343.
[*] Law v. Cross, 1 Black, 533.
[*] Clarke v. Dutcher, 9 Cowen, 674; Wardell v. Hughes, 3 Wendell, 418