# 𝔚𝔥𝔢𝔢𝔩𝔦𝔫𝔤.

## WILLIAM ELLIS *et al.* *vs* JAMES T. DEMPSEY.

### January Term, 1870.

1. The declarations of a party who is sued as one of a number of joint tres-passers, in relation to the alleged trespass, at the time and whilst in the performance of the act, whether in the beginning, middle or end of the drama, are proper to illustrate and characterize the transaction, so as to constitute the whole one transaction, and exhibit the act in its true light and give to it its proper effect.

2. A number of parties are sued as joint trespassers. It is proved for the plaintiff that T., one of the defendants, went to commit the alleged tres-pass under the direction of S., another of the defendants, but that T. be-longed to another military organization from S., and that he took from the plaintiff goods, &c., and converted them to his own use. It was then competent for the defendants to prove the declarations of T. when about to start to commit the trespass, relative to his purpose and intent, and in what character he acted, whether on his own separate and individual ac-count and responsibility or in conjunction with the defendants, or by their orders, or under their authority, or either of them, as part of the *res gestæ* to have such weight as it was entitled to.

3. A case analogous, in part, to *Caperton* v. *Martin, infra.*

This case arose in Monroe county, and the summons was returnable to June rules, 1866. The plaintiff was James T. Dempsey, and the defendants William Ellis, John Ellis, William Taylor, Allen T. Caperton, Hawkins Steele, and four others. The action was trespass on the case, and the declaration alleged the spoiling of the goods of the plain-tiff with force and arms, &c., and the taking and carrying away of the same, &c., by the defendants, on the 20th of August, 1862. The defendants pleaded the general issue,

and filed several special pleas, which it is unnecessary to notice here, as they were substantially the same as those filed in the case of *Caperton* vs. *Martin, infra,* and were disposed of in the same manner as the pleas in that case.

The jury found six of the defendants guilty, and assessed the plaintiff's damage at 2,000 dollars, at the July term, 1867, and judgment was rendered accordingly.

The only error which seems to have been considered here, is that incorporated in the third bill of exceptions, and is given in the opinion of the President.

The defendants William Ellis, John Ellis, Jesse Jones, and Allen T. Caperton, brought the case here.

Hon. N. Harrison, Judge of the circuit court of Monroe, presided on the trial of the case.

*Lee* and *Boggess* for the plaintiff's in error.
*Stanton & Allison* for the defendant in error.

Brown, *President.*

All the questions raised in this case, except one, have been determined adversely to the defendants, in the case of *Caperton* vs. *Martin, infra.*

The point in this case not so determined, is raised on the defendant's third bill of exceptions. The plaintiff had introduced a witness, Meadows, who stated that, on the — day of August, 1862, he went to the house of the plaintiff with the defendant Taylor, under the direction of Hawkins Steele, a member of the provost guard for Monroe county, but that Taylor belonged to the military company of Captain Thurman; that said Taylor took from the house of said plaintiff a portion of the goods found therein, and converted them to his own use.

The defendants, after introducing evidence tending to show that the said Steele had no authority to give such directions, introduced one —— Skaggs as a witness, by whom they proposed to prove that on the day on which the

said property was taken, as alleged by said witness Meadows, and before the taking, and when the said Taylor was in the act of setting out for the house of the plaintiff, he being about one mile distant from said house, he heard a conversation between said Steele and said Taylor, in which Taylor declared his purpose to be to go to the plaintiff's house and take the goods of the plaintiff on his own account, declaring that he might as well have them as any one else.

On the motion of the plaintiff's counsel, the court excluded the witness Skaggs, and the defendants excepted.

And this exclusion is assigned here as error, upon the ground that the evidence offered was part of the *res gestæ*. *Allen* v. *Duncan*, 11 Pick., 310; *Law* v. *Cross*, 1 Black., 539; and *Beaver* v. *Taylor*, 1 Wall., 642, are cited as authorities.

In *Pool* v. *Bridges*, 4 Pick., 378, it was said that, it is difficult to lay down any precise general rule as to the cases in which declarations are admissible as part of the *res gestæ*, and when they must be rejected as the mere assertions of the party. The same is repeated with approval in the case of *Allen* v. *Duncan*, 11 Pick., 310; and in *Beaver* v. *Taylor*, 1 Wall., 642, it is said that, it is perhaps not possible to lay down any general rule as to what is part of the *res gestæ* which will be decisive of the question in every case, in which it may be presented by the ever varying phases of human affairs.

It had been stated that the defendant Taylor took the goods from the plaintiff's house, and converted them to his own use. It was a material fact whether they were taken by him on his own account and converted to his own use, and wholly unconnected with the other defendants, or whether it was done by him under the authority and direction of Hawkins Steele, another defendant, acting as a member of the provost guard, under the orders of defendant Caperton, who was provost marshal under the so-called confederate government.

The going, taking, and converting, were the principal facts. The other facts were the character in which he acted,

and the purpose and intent with which he did it. His declarations in relation thereto, at the time, and while in the act of performing the act contemplated, whether in the beginning, middle, or end of the drama, would seem proper to illustrate and characterize the transaction, so as to constitute the whole one transaction, and render the latter proper, if not necessary, to exhibit the former in their true light, and give to them their proper effect. In *Beckwith* v. *Mollohan*, it was held to be error to refuse to permit a witness to state what a third party not sued, but a joint trespasser with the defendant, said at the time he tied the plaintiff, which tying was the trespass complained of, because, as this court held, what was so said at the time and in relation to the act done, was part of the *res gestæ.* And on the same principle, I think, that what the defendant Taylor said at the time and in the execution of the trepass alleged, relative to his purpose and intent, and in what character he acted, whether on his own separate and individual account and responsibility, or in conjunction with the defendants, or by their orders, or under their authority or either of them, was proper to go to the jury as part of the *res gestæ*, to have such weight as it was entitled, and nothing more; and it was error to have excluded it.

I think, therefore, that the judgment should be reversed, with costs to the plaintiffs in error, and the cause remanded to the court below for further proceedings in conformity with the views above indicated.

The remaining members of the court concurred.

JUDGMENT REVERSED.