## RODEY v. TRAVELERS' INS. CO.

### Filed January 15, 1886.

1. INSURANCE—ACCIDENT POLICY—VIOLENT EXTERNAL CAUSES.

Where plaintiff in an action on an accident policy testified that he dived from a plank into water six or seven feet deep, and that the "tympanum of the ear was ruptured by external violence in diving," the jury were justified in finding that the injury resulted from "violent external causes," and a verdict for plaintiff will not be disturbed.[1]

2. SAME—INSTRUCTION—HARMLESS ERROR.

In such a case, where the court has fairly submitted to the jury the issue as to whether the injury was caused by "external, violent, and accidental means," an instruction that the contract, being made by the defendant itself, must be more strictly construed against it, even if error, will not justify a reversal.

*Stone & Stone,* for appellee.

*Childers & Ferguson,* for appellant.

LONG, C. J.    Bernard Rodey commenced an action against the **Travelers'** Insurance Company, appellant in this cause, before a justice of the peace in Bernalillo county, and therein recovered a judgment, from which the appellant herein appealed to the district court. A judgment was there rendered against the defendant, from which an appeal is taken to this court.    The appellant relies on two alleged errors for a reversal of the case, stated in the brief as follows:

"(1) The first ground relied upon by the appellant is that the testimony for the plaintiff failed to make out his case.    (2) The court gave a misleading and erroneous instruction."

Of these, in the order stated, appellant contends the law of the case to be, "the accident, to justify recovery, must result from violent, external, visible means of injury; and argues that the evidence given in the cause forbids the conclusion that the injury complained of so occurred.    The theory of the plaintiff is that he went in bathing at the Terrace bath while on a trip to California; that from external violence while so bathing the tympanum of his ear was broken or injured, causing him severe sickness, injury, and damage.    The defendant maintains the injury did not so occur, but resulted from coughing, or, at most, only from contact with water, by diving in the usual and ordinary course of common bathers.    The rule is well established that the supreme court will not enter into an analysis of the evidence and reverse, even if the verdict is against the weight of it.    It need not decide on the question of preponderence.    It must be assumed that the trial court gave careful consideration to the evidence, and so the verdict will be sustained if there is any evidence to reasonably support the verdict.

The plaintiff was a witness on his own behalf.    He testified in substance that he went into the bath as other bathers did, but was milder in exercise than most of them.    From this alone the jury might con-

[1] For valuable cases on accident insurance, see Association v. Barry, 9 Sup. Ct. Rep. 755; Cotten v. Casualty Co., 41 Fed. Rep. 506; Eggenberger v. Association, Id. 172; Paul v. Insurance Co., (N. Y.) 20 N. E. Rep. 347; Cronkhite v. Insurance Co., (Wis.) 43 N. W. Rep. 731.

clude fairly the injury was not the result of any unusual strain upon the person or of overexertion. He further testified:

"I took an ordinary dive from a plank into water six or seven feet deep. I believe the accident was done in the water. If I made an effort to cough after leaving the water, the rupture of the ear could have occurred there from the cough that instant, or the instant the ear got above the water; or it may have occurred when I dived, and the water suddenly collapsed against the ear, or when I came out of the water. I know as matter of fact that the tympanum of my ear was ruptured by the external violence of the water in diving. I sat down there treating my ear for nearly an hour. I was trying to get some ease. Was perfectly well before I went in to bathe."

He further stated he grew worse, went to his room, and suffered intense agony, all immediately following the bath. It is beyond doubt, from this, the jury might have found the verdict returned in this case, on the ground that the injury was the result of "violent external causes." The weight of the evidence is clearly that way. The witness states in positive terms: "My ear was ruptured by the external violence of the water in diving." From the evidence, the conclusion reasonably follows that he leaped from a plank, for the purpose of diving into the deep water. A slight accidental turn of the body while descending into the sea might very easily bring his ear in contact with the water in such manner that the force of his passage through it would create the injury. If there is evidence reasonably tending to support the verdict, on appeal, after the trial court had opportunity to consider its weight, the supreme court will not interfere. This rule is well settled. *McPheeters* v. *Hannibal & St. J. R. Co.*, 45 Mo. 22; *French* v. *Millard*, 2 Ohio St. 44; *Randolph* v. *Carlton*, 8 Ala. 606; *Smith* v. *Houston*, Id. 736; *Canal-boat* v. *Simmons*, 11 Ohio, 459.

Giving instructions *per se* wrong, which, as applied to the evidence, have not done an injury, is a harmless error. *Hayden* v. *Souger*, 56 Ind. 42, 47; *Stipp* v. *Spring Mill G. R. Co.*, 54 Ind. 16. Erroneous instructions will not cause a reversal if the verdict is clearly right on the evidence. *Lafayette & I. R. Co.* v. *Adams*, 26 Ind. 76. The court need not, however, invoke the aid of that rule here to support the verdict, as it is the only one under the evidence which the jury could have properly found.

The second alleged error stated in appellant's brief is: "The court erred in giving to the jury a misleading and erroneous instruction." This objection cannot be fairly considered alone, upon the particular instruction objected to. They must be considered as a whole, and are as follows:

"And thereupon the court gave to the jury, on behalf of the plaintiff, the following instructions, to-wit: (1) The court instructs the jury that if they find from the evidence that said plaintiff was wholly disabled, and prevented from the prosecution of any and all kinds of business, for the space of three weeks, by reason of bodily injuries, as testified to by him, and that said injury was caused by external, violent, and accidental means, they will further find that said plaintiff is entitled, under each policy, to the sum of $15 a week for the space of three weeks, or $90 in all. (2) The court instructs the jury

that if they believe from the evidence in this case that the plaintiff received the injury to his ear at the time and place testified to by him, and that the said injury was caused through external, violent, and accidental means, then they will find for the plaintiff. (3) The court further instructs the jury that the contract incorporated in the body of this policy of insurance, being a contract made by the defendant itself, it should on that account be the more strictly construed against it, the defendant."

### Instructions on behalf of defendant:

"(1) The defendant asks the court to instruct the jury that if they believe from the evidence that there was no visible and external sign of the injury, although it may have been caused by the water when he went in bathing, nevertheless the plaintiff would not be entitled to recover, and the jury should find for the defendant. (2) Defendant asks the court to instruct the jury that if they believe from the evidence that the plaintiff went in bathing, and that while in bathing no unusual circumstance happened to occasion the injury,— that is, that no interference or obstruction took place while under the water, —then the fact that when the plaintiff came up out of the water he felt pain in his ear, will not alone justify them in finding for the plaintiff. (3) Defendant asks the court to instruct the jury that if they believe from the evidence that the injury to plaintiff's ear occurred by means of coughing after he came up out of the water for the purpose of expelling water from his throat, lungs, or head, or all of them, such an accident would not be an accident caused by violent, external means, within the meaning of the contract between plaintiff and defendant, and they should find for the defendant. (4) The court instructs the jury that unless they believe the injury was the proximate and sole cause of the disability, they will find for the defendant."

We are asked to reverse by reason of instruction 3. If defendant's objections were well taken to that particular instruction,—a point we need not decide,—then should the cause be reversed? . Appellant relies mainly upon *Beaver* v. *Taylor*, 1 Wall. 637, to sustain this point. The court in that case says, with reference to an instruction given by the court below:

"The law as to instructions outside the facts of the case, or involving abstract propositions, is well settled. If they may have misled the jury to the injury of the party against whom their verdict is given, the error is fatal."

That case was an action of ejectment. The defendant, for his defense, relied on the first and second sections of the statute of limitations in the state of Illinois, where the case originated. The supreme court, in the ruling made, reviewed the facts pertinent to the instruction, and under such facts held "the defense rested wholly upon the first section" of the Illinois statute. As the court below in that case instructed the jury, the supreme court says:

" They [the jury] may not have been satisfied as to the requisite possession under the first section, and have found for the defendant on the second section."

The court says explicitly the plaintiff was entitled to recover, on the second section of the statute of limitations, "and the court [below] should have so instructed the jury;" but instead of doing so the trial court gave such an erroneous instruction as that the jury might have found for the defendant on the second section, as it evidently did, against the facts, being thus clearly misled by the instruction. For this a reversal occurred.

It is evident that case stands on different ground from the one here. In this one a series of instructions were given, all except one conceded by appellant to be correct. They must be taken together. If, so considered, the case was left, under the evidence, fairly to the jury, the judgment below should be sustained. As was said by this court in *Crabtree* v. *Segrist*, 6 Pac. Rep. 206 :[1] " The whole tone and purport of the charge is certainly as favorable to the defendant as could be asked." The real point of contention in the lower court before the jury was whether the injury complained of "was caused through external, violent, and accidental means," or otherwise. We think the law on that subject was so clearly placed before the jury by the instructions that injury could not possibly have resulted from the third instruction.

The case below was decided right on its merits, under the evidence, so the court cannot sustain appellant's first objection here. The jury, considering the instructions as a whole, could not have been misled to appellant's injury. Hence the second objection cannot avail. We find no error.

The judgment below is affirmed, with costs against appellant.

HENDERSON, J., concurs.