## TILMON JOHNSON V. THE STATE.

*No. 3842.    Decided December 2.*

1. **Murder by Poison — Declarations of Injured Person as Evidence.** — Where the indictment charged the defendant with intent to murder two persons by mingling poison in coffee, and the evidence showed that on the evening after the burial of E., one of the poisoned parties, H. P., the other party, had a severe fit, and as soon as he had recovered sufficiently to speak he said, "Go for the doctor, quick! I have taken another cup of that coffee, and it is about to kill me!" *held*, over objection of defendant, that the declarations were competent and admissible as *res gestæ*.

2. **Same — Verdict.** — Where, on a trial for murder by poison, the verdict of the jury was, "We, the jury, find the defendant guilty and assess his punishment at confinement in the penitentiary for life," *held*, that the verdict was fatally defective and void under the provisions of article 607 of the Penal Code, which requires that if the jury shall find any person guilty of murder, they shall also find by their verdict whether it is of the first or second degree. This statute is mandatory, and the fact that the murder was committed by poison, which is murder *per se* in the first degree, does not change nor affect the statutory rule.

3. **Charge of Court.** — See a charge of the court held erroneous, because it in effect requires the jury to believe from the evidence adduced that the defendant was innocent before they could acquit him, not giving him the presumption of innocence and reasonable doubt. And this error was not cured by the subsequent instruction in the usual form as to the presumption of innocence and reasonable doubt.

APPEAL from the District Court of Limestone. Tried below before Hon. L. J. Farrar, Special District Judge.

This is a second appeal had in this case. For former appeal see Johnson v. The State, 29 Texas Court of Appeals, 150. The punishment assessed on this appeal was imprisonment in the penitentiary for life. A statement of the evidence is unnecessary to an understanding of the rulings.

No briefs on file in the record for either party.

WHITE, PRESIDING JUDGE.—This is the second appeal in this case. On the former appeal, which is reported in 29 Texas Court of Appeals, 150, *et seq.*, the judgment was reversed on account of the erroneous rejection of certain testimony and the defect in the fifth paragraph of the charge of the court.

Defendant's fourth bill of exceptions was reserved to the admission by the court, over the objection of the defendant, of the testimony of the witness Davis, to the effect that on the afternoon of the day on which Elizabeth Rucker was buried, and after she was buried, he (the witness) was at the house of H. P. Rucker, and, looking through the window, saw that H. P. Rucker had fallen off of his bed with a hard fit; that he at once went in to pick him up, and placed him back on the bed; that as soon as Rucker could speak he said, "Go for the doctor, quick! I have taken another cup of that coffee, and it is about to kill me!" Defendant's objection to this testimony was that it was hearsay and immaterial. We are of opinion, the State having shown, prior to the death of Elizabeth Rucker, that H. P. Rucker had also had fits, would perhaps be entitled to prove that he continued to have other like fits subsequent to the death of said Elizabeth Rucker.

The main objection is, that his declaration that he had taken "another cup of that coffee" was hearsay and inadmissible, the defendant not being present. The indictment alleged that strychnine or other poison had been mingled with water and coffee for the purpose of and with the intent to kill both H. P. Rucker and Elizabeth Rucker, and that the said parties had drank said water and coffee, and were so poisoned, and this allegation was proved. As stated above, it was legitimate to prove that H. P. Rucker continued to have fits after the death of Elizabeth Rucker. If this be so, then the rule is well settled. Mr. Greenleaf says: "Whenever the bodily or mental feelings of an individual are material to be proved, the usual expressions of such feelings, made at the time in question, are also original evidence." 1 Greenl. on Ev., sec. 102.

In the well considered case of Insurance Company v. Mosley, and which is now the leading case upon this subject, the Supreme Court of the United States held, that "The declarations of a party himself, to whomsoever made, are competent evidence when confined strictly to such complaints, expressions, and declamations as furnish evidence of a

present existing pain or malady, to prove his condition, ills, pains, and symptoms, whether arising from sickness or from injury by accident or violence. * * * Where the principal fact is the fact of bodily injury, the *res gestæ* are the statements of the cause made by the injured party almost contemporaneously with the occurrence of the injury, and those relating to the consequences, made while the latter subsisted and were in progress." 8 Wall., 397, citing Bacon v. Inhabitants, 7 Cush., 586; Thompson v. Trevanion, Skin., 402; Aveson v. Kinnaird, 6 East, 197; King v. Foster, 6 Car. & P., 325; Commonwealth v. Pike, 3 Cush., 181; Beaver v. Taylor, 1 Wall., 637; Cox v. The State, 8 Texas Ct. App., 254. The witness' declaration as to the cause of his bodily suffering was competent and admissible.

There is a bill of exceptions in the record reserved in the court below to the sufficiency of the verdict of the jury. The verdict is in these words, to-wit: "We, the jury, find the defendant guilty, and assess his punishment at confinement in the penitentiary for life. C. F. SANDERS, Foreman." Appellant was charged in the indictment with murder by poisoning, and we presume it was the intention of the jury to find him guilty of murder in the first degree from the penalty assessed, and because the murder was committed by poisoning. Murder committed by poisoning is *per se* murder in the first degree. Penal Code, art. 606.

But our statute requires in all cases of murder, whether committed by poisoning or through violence applied directly to the person, that "if the jury shall find any person guilty of murder, they shall also find * * * whether it is of the first or second degree; and if any person shall plead guilty to an indictment for murder, a jury shall be summoned to determine what degree of murder he is guilty of; and in either case they shall also find the punishment." Penal Code, art. 607. This statute is imperative, and a verdict for murder which does not find the degree is absolutely void. Willson's Crim. Stats., sec. 1051.

In Zwicker v. The State, 27 Texas Court of Appeals, 539, it is held: "The statute expressly requires that in convictions for murder the verdict shall specify the degree of murder of which the defendant is guilty. The failure of the verdict to so specify the degree is cause for reversal."

An exception was also taken to the fourth paragraph of the court's charge, as follows: "If, on the contrary, you believe from the evidence that the defendant, acting either alone or in concert with Jeff Wood, did not mingle and cause to be mingled certain poison called 'strychnine' or other poison with water and coffee, with the intent to injure and kill H. P. Rucker and Elizabeth Rucker, and did not poison and kill Elizabeth Rucker, then you will find the defendant not guilty." This is substantially the same character of charge as given in the fifth paragraph of the charge of the court on the former appeal, and for

the reasons in the opinion on the former appeal, which held said fifth paragraph illegal, we think this fourth paragraph above quoted is also illegal. Johnson v. The State, 29 Texas Ct. App., 151; Moore v. The State, 28 Texas Ct. App., 377.

.Because the verdict of the jury is wholly insufficient, and because of the error in the fourth paragraph of the court's charge to the jury, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Davidson, J., being disqualified, did not sit in this case.