# WASHINGTON RAILWAY & ELECTRIC CO. *v.* WRIGHT.*

STREET RAILWAYS; TRIAL; EVIDENCE; RES GESTÆ.

1. In a personal injury action against a street railway company, in which the plaintiff claimed that the defendant's car was prematurely started as she attempted to alight from it, a judgment on verdict for the plaintiff will not be reversed because the trial court refused to strike out a remark by the plaintiff, in testifying, that she was a very cautious woman, where the court in its charge to the jury told them that they had nothing to do with the plaintiff's habit of caution, and that the question was whether she was cautious on the occasion in question and what a person of ordinary prudence and judgment would have done under the circumstances.

2. Whether declarations are admissible as part of the *res gestæ* is usually dependent upon the special circumstances of each case. (Following *Washington & G. R. Co.* v. *McLane*, 11 App. D. C. 220.)

3. In an action by a woman against a street railway company for injuries resulting from the premature starting of the defendant's car, from which she was attempting to alight, in which it appears that the plaintiff was thrown to the ground, and, while lying there suffering great pain, said to the conductor that he had started the car too quickly and had thrown her, such declaration is admissible in evidence as part of the *res gestæ*, when testified to by a physician who had approached the scene of the accident, and where there is nothing to indicate that the statement was the result of premeditation or design. (Following *Washington & G. R. Co.* v. *McLane*, supra; *District of Columbia* v. *Dietrich*, 23 App. D. C. 577, and *Patterson* v. *Ocean Acci. & Guarantee Corp.* 25 App. D. C. 46.)

No. 2337.    Submitted January 5, 1912.    Decided February 5, 1912.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia, on verdict, in an action to recover damages for personal injuries.

*Affirmed.*

*Evidence — Res Gestæ.*—For a note upon the question of how near the main transaction must declarations be made in order to constitute part of the *res gestæ*, see *Ohio & M. R. Co.* v. *Stein*, 19 L.R.A. 733.

The COURT in the opinion stated the facts as follows:

This appeal is from a judgment upon a verdict for the plaintiff, Laura V. Wright, appellee here, in the supreme court of the District, in an action for personal injuries alleged to have been sustained by reason of the premature starting of one of defendant's electric railway cars, as plaintiff was in the act of leaving it.

The evidence of the plaintiff necessary to the determination of the questions involved was substantially as follows: She testified that as the car upon which she was riding approached 8th street, N. W., she signaled for it to stop and, after it had stopped, proceeded cautiously down the front steps, "because I have always been very careful." To this remark defendant excepted. Just as she was in the act of stepping to the ground, the car suddenly started, throwing her with considerable force on her hip. It was subsequently found that the thigh bone of the left hip was completely fractured, which shortened the limb and resulted in a permanent injury. She testified that she lay there for some time trying to get up, no one assisting her. The conductor came up with papers, and suggested that she sign that she had stepped off before the car stopped, but she replied: "No, I did not. That car had stopped." The conductor then asked her to sign that she thought it had stopped, which she again declined to do, saying, "No, that car had stopped." The conductor disputing her, she said: "Yes, it had; I am too cautious a person." Counsel for the defendant moved to strike out the statement that plaintiff was "too cautious a person." The court, however, ruled that as the remark was a part of the conversation he would not strike it out, to which ruling an exception was noted. Plaintiff further testified that her suffering was most terrible at the time; that no one tendered her assistance until Dr. Iseman came up. There was other testimony tending to corroborate the testimony of the plaintiff that the car had stopped before she attempted to leave it, and that it started in the manner described by her.

Dr. Myra Iseman, a practising physician with an office near

the scene of the accident, testified that on the evening of the accident, as he was going to or from his office, he saw a crowd at the place of the accident; that he "walked in that direction and saw plaintiff lying prone on the ground, resting on one arm; that the train crew was gathered to the east, in a circle around her, and the conductor with a book in his hand;" that the conductor was bending over the plaintiff and apparently speaking to her; that the plaintiff said, "You pulled too quick, you threw me," or words to that effect. This answer of the plaintiff was received over the objection and exception of the defendant. The doctor further testified that plaintiff "seemed to be pretty badly hurt,—dazed and hurt," and that he subsequently found that her hip was broken, and treated her for several months.

The evidence for the defendant tended to show that the car had not stopped when plaintiff attempted to leave it, and the conductor mentioned in plaintiff's evidence testified that he asked plaintiff why she did not wait until the car stopped, and that she replied that she thought it had stopped. The witness denied the statements attributed to him by the plaintiff.

*Mr. George E. Hoover* and *Mr. W. C. Sullivan* for the appellant.

*Mr. Alvin L. Newmyer* and *Mr. Richard J. Quigley* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

The first assignment of error relates to the two remarks of the plaintiff, that she had always been very careful, or that she was too cautious a person to leave a moving car.

The court, in its charge to the jury upon this phase of the case, said: "There was some testimony in the case, as you will recall, that the plaintiff in talking with the conductor said she used the word 'cautious.' She said she was always cautious. The question that arose at the moment was whether she was referring to a habit of hers or simply using the word in this con-

versation.   I simply want to say to you that you have nothing whatever to do wtih the plaintiff's habit of caution no matter how cautious she may be as a matter of habit, you have nothing whatever to do with that.   The question of whether she was properly cautious on this occasion, whether she did what a person of ordinary prudence and judgment would have done under the circumstances, is the question for you to determine."   Taking into consideration the character of the challenged statements, we think the point is ruled by *Pennsylvania Co.* v. *Roy,* 102 U. S. 451, 26 L. ed. 141.   It would be too great a reflection upon the intelligence and fairness of the jury to assume that the charge of the court, in the circumstances, did not fully protect the defendant.

The remaining assignment of error questions the correctness of the court's ruling in permitting the doctor to testify to the statements by the plaintiff to the conductor, to the effect that the premature starting of the car had thrown her.   The general principles applicable to the determination of the rather troublesome question as to what is a part of the *res gestœ* have been laid down by the Supreme Court of the United States,—*Beaver* v. *Taylor,* 1 Wall. 637, 17 L. ed. 601; *Travellers' Ins. Co.* v. *Mosley,* 8 Wall. 397, 19 L. ed. 437—and applied by this court in *Washington & G. R. Co.* v. *McLane,* 11 App. D. C. 220; *District of Columbia* v. *Dietrich,* 23 App. D. C. 577; and *Patterson* v. *Ocean Acci. & Guarantee Corp.* 25 App. D. C. 46.   As was said by Chief Justice Alvey in the McLane Case, "The application of the principle of admission is largely dependent upon the special circumstances of each case as it appears."   In *Rex* v. *Foster,* 6 Car. & P. 325, an indictment for manslaughter for killing a pedestrian by driving a cab over him, a witness was called for the prosecution who had not seen the accident but who, immediately thereafter, had asked the injured person what was the matter.   The witness was permitted to state the answer and the prisoner was convicted.   In *Com.* v. *M'Pike.* 3 Cush. 181, 50 Am. Dec. 727, similar testimony was approved by the supreme court of Massachusetts.   These cases were cited with approval by the supreme court in the *Mosley Case.*   In the *Pat-*

*terson Case* it was ruled that the "declarations of the assured, testified to by his wife and brother-in-law, were properly admitted as tending to show not only that he was then suffering severe bodily pain, but also that he had sustained an accidental strain in the treatment of a patient."

In the present case, the plaintiff was very severely injured and, admittedly, was suffering great pain. She was unable to rise and was lying where she had fallen. The remark was made almost immediately after the happening of the accident, and there is nothing to indicate premeditation or design. As was said in *Hanover R. Co.* v. *Coyle,* 55 Pa. 402, it "seems to have grown directly out of" the accident, and hence was "a part of the transaction itself." We think it clearly a part of the *res gestæ.* It was a statement of the immediate cause of the injury, which was the throwing of plaintiff to the ground. "Here the principal fact is the bodily injury. The *res gestæ* are the statements of the cause made    *    *    *    almost contemporaneously with the occurrence. *Travellers' Ins. Co.* v. *Mosley,* 8 Wall. 397, 408, 19 L. ed. 437, 441.

We have carefully examined the cases relied upon by appellant, and find nothing therein inconsistent with the ruling in this case. In *Guild* v. *Pringle,* 64 C. C. A. 621, 130 Fed. 419, a pedestrian was fatally injured by *falling* into a hole in the nighttime. It was held to be error for a witness to testify to a statement of the injured person that the place was not lighted. The court, however, placed its ruling partially upon the ground that the statement of the deceased was not responsive to the question asked him, and, further, that from all the evidence there was a doubt whether the statement was made under the circumstances and in the exact manner indicated by the particular witness.

Judgment affirmed, with costs.                    *Affirmed.*